# Lilley *v.* Fletcher.

*Action for Injury to Mill Dam.*

1. *Liability of principal for acts of agent.*—The principal is liable for the acts of the agent done pursuant to his authority, and for any injury to a third person resulting from the negligent or unskillfnl manner in which such act is done by the agent; but not for an act done outside of the scope of his authority, unless he commanded it, participated in it, or ratified it with knowledge of the facts.

2. *Contributory negligence.*—A plaintiff can not recover for damage which he might have avoided by the use of ordinary care and diligence, his own negligence contributing proximately to the injury.

3. *Same; case at bar.*—In this case, plaintiff owned a saw mill on a river, above which a boom had been erected by a person who was furnishing saw logs for the mill; and defendant had another boom above on the river, which he used in connection with his business in floating timber down the stream to the railroad below the lower boom. Defendant's agents, being engaged in floating logs down the stream during the day, left the lower boom open at night, and a heavy rain fell during the night, which flooded the river, and plaintiff's mill dam was injured by the floating timber. *Held*, that he could not recover, because he was guilty of contributory negligence, having been at his mill all day, which was in plain view of the lower boom, knowing that defendant's agent was passing logs through the boom, knowing also the danger from a sudden rise in the river, taking precautions to secure his own logs, as if expecting rains, and making no effort himself to close the lower boom.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JAMES E. COBB.

This was an action by the appellant, George G. Lilley, against the appellee, John F. Fletcher, for an injury to the appellant's mill dam, alleged to have resulted from the negligence of the appellee's agent under the circumstances set forth in the opinion.

Among other pleas not necessary to mention, the defendant pleaded "not guilty," and the following: "That plaintiff contributed proximately to said alleged injury by his own

[Lilley v. Fletcher.]

carelessness and that of his servants and agents, and said injury could have been prevented by plaintiff had he used due care at and before the injury."

The plaintiff introduced a number of witnesses and himself testified, and the testimony of plaintiff and his witnesses established the facts stated in the opinion. The defendant offered no evidence, but, at the conclusion of the plaintiff's testimony, asked the court in writing to charge the jury, that if they believed all the evidence, they would find for the defendant. The court gave this charge and the plaintiff excepted. The giving of this charge is assigned as error.

R. C. BRICKELL, R. C. HUNT, and HUMES, GORDON & SHEFFEY, for appellant. No brief came to the hands of the reporter.

J. E. BROWN, and D. D. SHELBY, *contra*.—The plaintiff can not recover for damage which he might have avoided by the use of ordinary care and diligence.—Shearman & Red. on Neg. § 598. The plaintiff's negligence, which is shown by his own testimony, contributed proximately to, if it did not cause, the injury complained of.—*M. & E. R'y Co. v. Thompson*, 77 Ala. 448; *Lanier v. Youngblood*, 73 *Ib.* 587; *Ala. G't So. R. R. Co. v. Hawk*, 72 *Ib.* 112; *R. R. Co. v. Jones*, 95 U. S. 439; *Hickey v. B. & L. R. Co.*, 14 Allen, 429; *Todd v. Old Colony, &c.*, 3 Allen, 18. The evidence being uncontradicted and the inference to be drawn from it clear, it was the duty of the court to give the affirmative charge. *Pleasants v. Fort*, 22 Wall. (U. S.) 121; *Todd v. Old Colony, supra; City v. Wright*, 72 Ala. 411; *Gove t v. M. & L. R. R. Co.*, 16 Gray, 501; *R. R. Co. v. Jones, supra*.

STONE, C. J.—It is clearly the law that the principal is liable for the acts of the agent done pursuant to his authority; and he is also liable, if while the agent is doing such acts, he so negligently or unskillfully conducts himself that injury ensues to another.—1 Brick. Dig. 61–2, §§ 132, 143; *Carter v. Chambers*, 79 Ala. 223. He is not liable, however, for acts done outside of the scope of the agent's authority, unless he commanded, participated in, or, with knowledge, ratified the act complained of.—1 Brick. Dig. 61, §§ 134, 135, 142; 3 *Ib.* 24, §§ 90, 91; *Gilliam v. S. & N. Ala. R. R. Co.*, 70 Ala. 268; *Whitfield v. Riddle*, 78 Ala. 99.

Paint Rock is a small river flowing through Jackson county, useful and used for floating timber. It is crossed by the Memphis & Charleston Railroad. Above the railroad crossing Fletcher was engaged in cutting and market-

ing timber, which he floated down the stream to a point near the railroad crossing, whence it was taken out of the water and shipped by the railroad.  To catch his floating timber, and prevent its escape, he had constructed a boom across the river, about one mile above the railroad crossing. In the obstruction caused by this boom, the custom was to retain the timber until wanted for shipment, when the boom would be opened, the timber let out and floated down the river to a point near the railroad, where it would be taken out and loaded on the cars.  Fletcher resided in another State, and Earp was his agent, having charge of the timber business, and of the boom.

Lilley erected a dam across the river near the line of the railroad, and constructed there a grist and saw mill.  The timber for his saw mill's consumption was obtained from above, and was also floated down the stream.  He contracted with Allen & Co. to supply him with timber or saw-logs, who, to facilitate their operations, constructed a boom of their own lower down the stream than Fletcher's, and about one-fourth of a mile, and in full view of the mill.  Knowlton was the agent of Allen & Co., and had charge of this boom.  Fletcher's point of debarkation for his timber was below Allen & Co.'s boom, and hence Fletcher, in shipping his timber, must pass it through their boom; and Allen & Co., in floating timber to their boom, must pass it through Fletcher's.

Earp and Knowlton were each required by their duties to be sometimes up the river and away from their booms; and they had an understanding and a habit, when one was away the other looked after his boom.  On January 5, 1882, Knowlton was up the river, and Earp was at the booms. He was employed that day with his hands in releasing his timber from the Allen boom, and floating it down to the point of debarkation.  He left the boom open, and during the night rain came which flooded the river and floated the timbers off, and over the dam—thus, as it is contended, causing the injury complained of.  The questions are, was this negligence in Earp, and was it committed in and about the business of Fletcher, so as to fasten a liability on the latter for its consequences?  And if so, was Lilley guilty of proximate contributory negligence?

It is among the uncontroverted facts in this case, that on the day on which the alleged negligence was imputed, Lilley was at his mill the entire day, and until after night fall. He knew the habits of the stream, and that it was subject to rapid rises.  He saw and comprehended the threatening condition of the weather, and was extra diligent in fastening

his own saw-logs, that were in his pond immediately above his dam. He knew his logs were in no danger of being swept away, unless there should come a flood in the river; and by taking active measures to secure his own logs, he proved that he apprehended rain and a flood. He had unobstructed view of Allen & Co.'s boom, knew Earp was handling it, knew it was open during the day, and that timber was passing through it; for, at his request, Earp had let logs through for him. Earp was consequently somewhat in his employ that day, as well as that of Fletcher. All these facts were visible and known to him, and yet he took no steps to have the Allen & Co. boom closed.

Even if Earp was guilty of negligence in not closing the boom, Lilley was proximately culpable in not looking after it and having it closed. He should not recover for that which common diligence would have averted. "The plaintiff can not recover for damage which he might have avoided by the use of ordinary care and diligence."—Shear. & Redf. Neg., § 598. If plaintiff, by the exercise of ordinary care, might have avoided the consequences of defendant's negligence, he is regarded as the author of his own wrong.—*Ala. Gt. So. R. R. Co. v. Hawk*, 72 Ala. 112. "It is well settled that a party can not recover for injuries caused by negligence, if he himself failed to exercise proper care, and his own negligence contributed (proximately) to the result." *Hickcy v. B. & L. R. R. Co.*, 14 Allen, 429; *M. & E. R'y Co. v. Thompson*, 77 Ala. 448; *Railroad Company v. Jones*, 95 U. S. 439; *Todd v. O. C. & F. Riv. R. R. Co.*, 3 Allen, 18; s. c., 7 Allen, 207; *Gavett v. L. & M. R. R. Co.*, 16 Gray, 501. If it is objected that Earp was negligent, and Fletcher knew it, it is a sufficient answer that Lilley also knew it; for he had cautioned Fletcher in regard to it. If Fletcher's knowledge of Earp's careless habits is to weigh against him, should not the same rule be applied to Lilley, who had equal knowledge, was cognizant of the danger, and could so easily have averted it. He was on or near the premises, and knew of the danger, while Fletcher was in another State, and could not know it.

According to plaintiff's own testimony, if he had exercised ordinary diligence, the injury he complains of would not have occurred.

Affirmed.