[Louisville & Nashville R. R. Co. v. Sullivan Timber· Co.]

# Louisville & Nashville Railroad Co. *v.* Sullivan Timber Co.

### *Action against Railroad Company to recover Damages for Destruction of Property by Fire.*

1. *Contributory negligence; when exists for failure to avoid injury.*
   Where one commits a wrong whereby another is affected or is apparently likely to be effected, it is the duty of the latter to exercise reasonable diligence to avoid the resulting injury to himself or minimize it as far as possible; and if he carelessly or negligently fails to do so, he is guilty of negligence which prevents him from recovering from the wrong-doer such damages as he should have escaped by the exercise of reasonable diligence.

2. *Action against railroad company for fire caused by sparks emitted from engine; charge of court to jury.*—In an action against a railroad company to recover damages for the destruction of plaintiff's property by fire, alleged to have been caused by sparks emitted from one of the defendant's engines, where no one of the counts of the complaint upon which the cause was tried counted upon a failure of the defendant to keep its right of way clear of grass, weeds and combustible material, and there was no evidence that the fire originated from the sparks falling in the grass and weeds on the right of way, a charge requested by the plaintiff is erroneous and should not be given which predicates the defendant's liability upon their belief that the fire was caused by sparks from the defendant's engine falling upon and igniting the grass or combustible material on its right of way, although the engine was properly equipped and properly managed, if they further believe from the evidence that the defendant failed to keep its right of way clear of grass, weeds and combustible material, likely to be ignited by sparks.

3. *Same; same.*—In such a case, where, to rebut the presumption arising from a *prima facie* case shown by the plaintiff, the defendant introduces evidence showing that the· engine from which the sparks were emitted was properly equipped and· managed, and this evidence was uncontradicted, a charge requested by the plaintiff is erroneous and should not be given, which predicates the defendant's liability upon the jury's believing from the evidence that the sparks were emitted from

the defendant's engine in dangerous quantities only, but were not emitted in quantities unusual for a properly constructed, equipped and managed engine.

4. *Same; same.*—In such a case, where there was conflict in the evidence as to whether the defendant had cut grass and weeds in a space between the defendant's track and the plaintiff's property and left them lying where they were cut, and there was no count in the complaint upon which the case was tried attributing to the defendant negligence in leaving the grass standing in such space, a charge is erroneous and properly refused which instructs the jury that if they believe "that the fire was caused by the sparks and cinders thrown out by defendant's locomotive, and that it was so caused by the negligence of the defendant and without any contributory negligence on the part of the plaintiff, they must find for the plaintiff," even though they may be doubtful and uncertain whether it caught in the roof or in the grass at the foot of the shed, and whether the fire came out of the smoke stack or from the ash pan of such locomotive.

5. *Same; same.*—In such a case, a charge is free from error and should be given at the request of the defendant which instructs the jury that "if they believe from the evidence that one of the defendant's engines threw sparks upon plaintiff's shed or directly against it, and that the sparks so thrown themselves set fire to the shed, and that the burning shed communicated the fire to plaintiff's other property; and further that such engine was furnished with a spark arrester and other appliances of approved character, to prevent, so far as possible, throwing sparks, and was properly handled by the engineer and that such spark arrester and other appliances were in good condition, then they ought to find a verdict for the defendant."

6. *Charge of court to jury; properly refused when ignoring part of the evidence.*—Charges requested by either party to a suit which ignore phases of the evidence bearing upon a material issue in the case, are erroneous and properly refused.

7. *Argumentative charges* are properly refused.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, Sullivan Timber Company, against the appellant, the Louisville & Nashville Railroad Company, to recover damages for destruction by fire of plaintiff's property which was al-

leged to have been caused by reason of the negligence of the defendant. The plaintiff claimed $25,000.

It was alleged in the complaint and shown by the evidence that the property burned was situated upon a lot which abutted upon a public street in the city of Mobile called Water street, and that the defendant operated a track over said street, and that there was a space of 28 or 30 feet intervening between the track and the property destroyed.

The averments of the several counts of the complaint and the substance of the other pleadings in the case are sufficiently shown in the opinion.

It was shown by the evidence that the saw mill, lumber, lumber sheds, etc., owned by the plaintiff and located on the east side of Water street in the city of Mobile just south of Texas street, was totally destroyed by fire, on September 29, 1896; that on said day one of defendant's trains passed plaintiff's property running at a rate of speed variously estimated by witnesses at from 12 to 25 miles an hour, and that a short time after the train passed, the plaintiff's property was discovered to be on fire; that the origin of the fire was variously located, but always some distance from a switch light or post, which was on the defendant's road in Water street. There was evidence tending to show that the defendant's employes some days prior to the fire, had cut down grass and weeds between its track and plaintiff's shed, and left the grass and weeds lying where they were cut. There was also evidence tending to show that near the switch post the defendant's employes had thrown some waste or packing used for cleaning the switch lamp, etc., which was saturated with oil. There was evidence further tending to show that 15 or 20 minutes after a train of the defendant passed the plaintiff's property, fire broke out and was discovered to be on the outside of the shed next to the railroad track; that there was also discovered fire in the trash on the ground outside the shed; that fire broke out first in the roof of the shed; that nothing was stored under the shed at the place where the fire was started; that at the time the fire was started the wind was blowing strong from the northwest.

The defendant introduced witnesses who testified

that they were between the track and the shed after the fire commenced, and that there was no fire west of the shed.    The defendant's evidence also tended to show that the fire originated either inside or on top of the shed.    One of the defendant's witnesses, who had on that day and the day before the fire, inspected the engine from which it is alleged the sparks causing the fire had escaped, testified that the engine was in first-class condition, and had the standard spark arrester, and that it was impossible for sparks, large enough to start a fire, to escape from that engine that day; that said engine and train were properly handled that day; that a train going at the rate of twenty miles an hour would throw out more sparks than when going at eight miles an hour.    Defendant's engineer, who had charge of said engine on that day, testified that in passing appellee's property that day the train "was going at from ten to twelve miles an hour, and that the engine was not throwing out an unusual quantity of sparks; that more sparks are thrown out when going at twenty miles an hour than when going at eight miles an hour; the higher the rate of speed the more sparks the engine will throw out."    The city ordinance, adopted in 1891, prohibited railroad trains running within the city limits at a greater rate of speed than eight miles an hour.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the following written charges:    (1.)    "Although a railroad company has the right to use fire in generating steam, yet, if by negligence in the condition of its property which contributed to the damage by reason of such fire, such railroad is liable for any damage that may so result."    (2.)    "A railroad has a right to use its property in the running of its trains.    It has also the right to use fire to generate steam for the purpose of running its trains.    But, while this is true, I charge you that the railroad company must so use its property and the fire necessary for the generating of steam in such manner as to prevent injury to adjoining property, if it can reasonably do so."    (3.)    "If the jury believe from the evidence that the fire was caused by sparks from the en-

Vol. 138.

gine of the railroad company igniting grass, or combustible material on its right. of way, then, though they should further find that the engine was properly equipped and was in all respects properly managed, should the proof reasonably satisfy the jury that the railroad company failed to keep its right of way clear of grass, weeds and combustible material likely to be ignited by sparks, this fact, if it be a fact, will make the defendant liable for the damage resulting from the fire." (4.) "If it be a fact shown in this case that the railroad company permitted any grass and other combustible materials to be and remain on its right of way liable to be ignited by sparks from its engine, then I charge you that this fact may be looked to by the jury to determine whether the railroad company was guilty of negligence." (5.) "If it be a fact shown in this case that the railroad company permitted dry grass and weeds to be and remain on its right of way, liable to be ignited by sparks from its engine, then I charge you that this was negligence in the company." (6.) "If the jury find that a locomotive of the defendant in passing plaintiff's premises, threw out or emitted sparks and fire in dangerous quantities, and thereby set fire to plaintiff's property at a distance from defendant's railroad track of about 28 feet, and if you further find from the evidence that a properly constructed and operated engine could not or should not emit such burning sparks, and propel them for such a distance, then you may find for the plaintiff, although the evidence of defendant's witnesses may tend to show that the locomotive was perfect and its management skillful." (9.) "If the jury believe that the fire was caused by sparks and fire emitted from the defendant's engine in dangerous quantities, then the burden is cast upon the defendant to show proper construction, appliances and management of the engine; and, despite the fact that defendant introduces evidence of proper construction, appliances and management of its engine, it still remains a question for the jury to determine, from all the evidence in the case whether or not the fire did originate by the emission of fire and sparks from defendant's engine in dangerous quantities, and whether the construction and appliances and management of

its engine were proper; and if the jury find that the fire did so originate, and that such construction, appliances and management were improper, then they are authorized to find for the plaintiff, unless the evidence shows that the plaintiff's own negligence contributed to cause the fire." (11.) "That the owner of property near to a railroad track is not compelled to keep his property in such a condition as to guard against the negligence of the railroad company." (12.) "That contributory negligence of the plaintiff, in order to defeat a recovery must be such as contributed as a proximate cause to the occurrences from which the damage arose, and it must be the negligence of the plaintiff, its agents, servants or employees, and not that of a third person; and the burden of proof is on the defendant to prove it." (13.) "That to charge the plaintiff with contributory negligence under the pleas in this case the defendant must reasonably satisfy the jury by the evidence that there was a public street in front of plaintiff's property at the point where the fire originated, and that the plaintiff, through its agents and servants, negligently threw inflammable material into such street, and near to plaintiff's shed abutting on the edge of such street, and that the throwing of such material into such street proximately concurred in causing the fire or the spread of the fire to plaintiff's property, and which produced the destruction thereof, and that the burden of proof is on the defendant to show such contributory negligence." (14.) "That although if the jury should believe that there was a public street in front of plaintiff's property at the point where the fire originated, still the plaintiff is not charged with the duty of keeping such street in good condition or free from trash and combustible material; that if it be a fact that there was a street there and that there was trash and combustible material in it, but not placed there by plaintiff or its agents, servants or employees, that this would not constitute contributory negligence so as to prevent plaintiff from recovering; that contributory negligence to prevent recovery must be some omission of duty which the plaintiff was compelled to perform, or some act by it concurring

in the destruction of its property." (15.) "If the jury believe from the evidence that there was an open space of ground about 28 feet in width between plaintiff's shed that it was claimed was set on fire and defendant's railroad track, and that there were weeds and grass growing on said space of ground; and that defendant had said grass and weeds cut down a few days before the alleged fire occurred and left them lying on the ground where they had been cut, and if the weather was then dry and warm and such grass and weeds had become dry and inflammable and liable to catch on fire from fire from defendant's locomotive, then it was negligence in defendant to leave such dry grass and weeds so lying on the ground." (16.) "If the jury believe from the evidence that a steam locomotive and train of defendant passed by plaintiff's premises just before the alleged fire started, which it is claimed destroyed plaintiff's property, and if said locomotive was being run at the time at a greater rate of speed than is prescribed in the city ordinance which is in evidence, then such running of said locomotive at such rate of speed would be negligence." (17.) "If the jury believe from the evidence that the fire was caused by the sparks and cinders thrown out by defendant's locomotive and that it was so caused by the negligence of the defendant, and without any contributory negligence on the part of plaintiff, they must find for the plaintiff, even though they may be doubtful and uncertain whether it caught in the roof or in the grass at the foot of the shed, and whether the fire came out of the smoke stack or from the ash pan of such locomotive." (18.) "If the jury shall find from the evidence that the fire was set by defendant's locomotive, and because of its being run at a rate of speed greater than eight miles an hour, then they must find for the plaintiff even though the locomotive was properly equipped, unless they find the plaintiff guilty of contributory negligence." (19.) "If the jury believe from the evidence that a locomotive of defendant was running within the limits of the city of Mobile at a speed greater than that to which it was limited by the ordinance of said city, and was then throwing out a greater quantity of live sparks and cinders than it

would have thrown out had it been running at no greater speed than that prescribed by such ordinance, and that then and there, under such circumstances and within said city limits, fire was communicated by such sparks and cinders of said loccmotive to the property of plaintiff, and such property was thereby damaged; and that plaintiff was not guilty of any contributory negligence which proximately contributed to the fire; then the jury must find for the plaintiff for the amount of such damages as has been proven to their satisfaction, and interest at eight per cent. per annum thereon from the time such damage was inflicted to the date their verdict is returned, not to excteed twenty-five thousand dollars in all." (20.) "The court charges the jury that it is not necessary for the plaintiff to prove to the jury beyond all reasonable doubt that defendant's locomotive set the fire complained of in order to fasten that fact upon the defendant; for that purpose it is sufficient if the evidence reasonably satisfies the minds of the jury that such was the fact."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it: (6.) "If the jury believe from the evidence that the defendant's engine was furnished with a spark arrester and other appliances, for the purpose of preventing the escape of fire or sparks, of a good character and such as was in general use at the time by well regulated railroads, and that such appliances were in good condition, and that the defendant was guilty of no negligence in operating its engine and train, but that fire, nevertheless, escaped and fell upon the plaintiff's premises and set it on fire, the jury ought to find a verdict for the defendant." (7.) "The jury have no right to surmise or speculate, independently of the evidence, as to how the fire arose or as to how it was communicated to plaintiff's property, and then base their verdict thereon; before they can find a verdict for the plaintiff the evidence must reasonably satisfy them that the fire arose from a spark or fire from defendant's engine, and was communicated to plaintiff's property in one of the methods alleged in the complaint, and if the evidence

fails to reasonably satisfy the jury on both of these points and leaves their minds in doubt, confusion and uncertainty as to them, or either of them, the jury ought to find a verdict for the defendant." (8.) "The court charges the jury that if they believe from the evidence that one of the defendant's engines threw sparks upon plaintiff's shed, or directly against it, and that the sparks so thrown themselves set fire to the shed, and that the burning shed communicated the fire to plaintiff's ether property; and further that such engine was furnished with a spark arrester and other appliances, of approved character, to prevent, so far as possible, throwing sparks, and was properly handled by the engineer and that such spark arrester and other appliances were in good condition, then they ought to find a verdict for the defendant." (9.) "If the jury believe from the evidence that sparks or fire escaped from defendant's engine drawing a passenger train that passed plaintiff's sparks or fire fell upon plaintiff's premises and set fire to its shed, they ought to find a verdict for the defendant, unless they are reasonably satisfied that such engine was not furnished with a spark arrester and other proper appliances of approved character to prevent the escape of fire, or that such spark arrester or other appliances were in bad condition, or that the train was improperly handled." (11.) "If the jury believe from the evidence that sparks or fire escaped from defendant's engine drawing a passenger train that passed plaintiff's premises shortly before the fire occurred, and that such sparks or fire fell upon upon plaintiff's premises and set fire to its shed, they ought to find a verdict for the defendant, unless they are reasonably satisfied that such engine was not furnished with a spark arrester and other proper appliances of approved character to prevent the escape of fire, or that such spark arrester or other appliances were in bad condition, or that the train was improperly handled." (12.) "If sparks or fire escaped from defendant's passenger engine that passed plaintiff's premises and burned its property, then the burden is upon plaintiff to reasonably satisfy the jury by evidence that the spark arrester or other appliances with which such

engine was fitted were not of the proper character or were nit in good condition, or that defendant's engineer was guilty of some negligence in operating such engine, and if plaintiff has failed to do this, the jury ought to find a verdict for defendant."

There were verdict and judgment for plaintiff, assessing its damages at $15,000. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GREGORY L. SMITH and JOEL W. GOLDSBY, for appellant.—If one man commits a wrong, whether in tort or possible, and if he fails to do so he cannot ⁓ cover of be affected thereby, it is both the legal and moral duty of the latter to exercise reasonable diligence to avoid the resulting injury to himself or minimize it as far as possible, and if he fails to do so he cannot recover of the wrongdoer such damages as he could have thus escaped.—2 Sutherland on Damages, 473; *Murrell & Whitney v. Summers*, 32 Ala. 66; *Strauss v. Meertief*, 64 Ala. 307; 8 Amer. & Eng. Ency. Law, (2d ed.), 605; *Little v. Fletcher*, 81 Ala. 237.

This doctrine is applicable to persons whose property abuts upon a railroad right of way. If knowing of negligence already committed by the railroad the natural result of which is to create an immediate danger of fire to the abutting property and having the means to avoid the result of such negligence at a reasonable cost, the owner fails to take the necessary steps to do so, he cannot recover the damage resulting from such negligence. *Eaton v. Oregon Ry. & Nav. Co.*, 24 Pac. 414; *I. C. R. R. Co. v. McKay*, 12 So. R. 447; *R. R. Co. v. McClelland*, 42 Ill. 359; *Tilley v. St. L. & S. T. Ry. Co.*, 6 S. W. 8; *Mills v. Chicago, M. & St. P. Ry. Co.*, 76 Wis. 422; (45 Pac. 225).

The violation of a law (an ordinance) is negligence *per se.—Gray's Exr. v. Mobile Board of Trade*, 55 Ala. 402; *Central R. R. & Bk. Co. v. Letcher*, 69 Ala. 109; *A. G. S. R. R. v. Roche*, 116 Ala. 360; *Bank v. Highland R. R. Co.*, 136 Mass. 485; *Barker v. Nashau*, 59 N. H. 402.

How far a properly constructed engine properly

handled will throw sparks when running at a given rate of speed with a wind at a given velocity is not a matter of common knowledge that can be determined by a jury without evidence.—*L. & N. R. R. Co. v. M. L. Co.*, 125 Ala. 256-7; *A. G. S. R. R. Co. v. Taylor*, 129 Ala. 246.

Where an engine is properly equipped and handled, but fire nevertheless escapes and burns the property of another, the company is not liable unless guilty of negligence in some other respect.—*L. & N. R. R. Co. v. Marbury L. Co.*, 125 Ala. 252; *A. G. S. R. R. Co. v. Taylor*, 129 Ala. 245.

And where the defendant offers evidence clearly showing that the engine was properly equipped and handled, the burden is upon the plaintiff to prove some substantial negligence either in this or some other respect.—Authorities *supra*.

The burden is upon the plaintiff to make out its case, and if the minds of the jury are left in doubt, uncertainty and confusion upon any essential element of liability, the verdict should be for the defendant.—*Calhoun v. Hannan & Michael*, 87 Ala. 285; *A. G. S. R. R. Co. v. Hill*, 93 Ala. 526; *Brown v. Master*, 104 Ala. 451; *L. & N. R. R. Co. v. S. T. Co.*, 126 Ala. 103.

Before the plaintiff can recover it must show that defendant was guilty of the negligence alleged in the complaint. It cannot recover by showing negligence not covered by the complaint.—*Tinney v. Central R. R. of Ga.*, 129 Ala. 523.

L. H. & E. W. Faith, *contra*.—If the destruction of appellee's property was caused by fire which, by appellant's negligence, had escaped from its engine and ignited the grass in the street, the omission of appellee to clean off the street and sidewalk may have contributed remotely to that result, but it was not the efficient cause of the fire escaping from the engine and doing the injury complained of.—*Stanton v. L. & N. R. R. Co.*, 91 Ala. 382; *L. & N. R. R. Co. v. Reese*, 85 Ala. 497; *L. & N. R. R. Co. v. Miller*, 109 Ala. 500.

The city ordinances, referred to in the pleas, have for their object and purpose the cleaning of the sidewalks for persons using them as a foot passage, and hence ap-

[Louisville & Nashville R. R. Co. v. Sullivan Timber Co.]

pellee owed no duty to appellant to clean the grass from either the street or the sidewalk.—*L. & N. R .R. Co. v. Markee*, 103 Ala. 173; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 116; *L. & N. R. R. Co. v. Hall*, 87 Ala. 718; *N., C. & St. L. R .R. v. Hembree*, 85 Ala. 484; *A. G. S. R. R. Co. v. Johnston*, 128 Ala. 296.

We understand the law to be, that no contributory negligence is to be imputed to appellee, whose property was destroyed by the negligence of appellant starting a fire, because it built a shed of dry woods on its own land along the line of a public street and near to the railroad track.—8 Am. & Eng. Ency., pp. 16, 17, 18, and notes; *M. & O. R. R. Co. v. Stinson*, 21 So. Rep. 522; *Ib.* 74 Miss. Rep. 453; *Home Ins. Co. v. R. R. Co.*, 70 Miss. Rep. 119.

Nor because it had inflammable materials on its own premises, nor because there was on the sidewalk in front of its premises, inflammable material placed there by others.—8 Am. & Eng. Ency. (1st ed.), p. 16 *et seq;* 13 Am. & Eng. Enc. (2d ed.), p. 418, *et seq; Jacksonville R. R. Co. v. Peninsular Co.*, 9 So. Rep. 674, 675; *Ib.*, 27 Fla. Rep. 1, 157; *M. & O. R. R. Co. v. Stinson*, 74 Miss. Rep. 453; Pierce on Railroads, 434 and 435; *Miss. Home Ins. Co. v. R. R. Co.*, 17 So. Rep. 159, 160; *Ib.* 70 Miss. Rep. 119.

The running of trains within the city limits at a greater rate of speed than that fixed by statute or city ordinance, is *per se* negligence.—*Gothard v. R. R. Co.*, 67 Ala. 120; *Donovan v. R. R. Co.*, 84 Ala. 147; *Elyton Co. v. Mingea*, 89 Ala. 530; *Hayes v. R. R. Co.*, 111 U. S. Rep. 228; 16 Eng. & Am. Ency. of Law (1st ed.), p. 420 *et seq.*

A charge limiting the examination of the jury to part only of the evidence, to the exclusion of other material evidence, may be properly refused.—*Hammet v. Brown*, 60 Ala. 498; *City Nat. Bank v. Burns*, 68 Ala. 267; *Savery v. Moore*, 71 Ala. 237; *Cullan v. McDaniel*, 72 Ala. 97.

DOWDELL, J.—This is a suit by the Sullivan Timber Company, a corporation, against the Louisville &

Nashville Railroad Company, to recover damages for the negligent burning and destruction by the Railroad Company of the plaintiff's property. The complaint as originally filed contained five counts, to which were subsequently added by way of amendment three other counts, making in all eight counts. The defendant pleaded not guilty to all of the counts, and in addition, filed a number of special pleas of contributory negligence, to all except the third count, and to all of which special pleas, except the thirteenth, demurrers were sustained. The trial of the case resulted in a verdict and judgment in favor of the plaintiff, and from this judgment the defendant Railroad Company prosecutes this appeal. The court gave at the request of the defendant in writing the general affirmative charge, as to the 1st, 2d, 4th, and 5th counts. This eliminates from consideration all questions that arose on the pleadings and on the trial, as to these counts.—*Highland Avenue & Belt R. R. Co. v. South,* 112 Ala. 642.

The third count of the complaint, in connection with averments of negligence, etc., on the part of the defendant, as to the cause or origin of the fire, which destroyed plaintiff's property, counted on the falling sparks emitted from a passing locomotive of the defendant company, that fell upon the shed of the plaintiff described in the complaint, setting fire thereto, and thence the fire was communicated to and destroyed the other property. The sixth count counted on the negligence of the defendant through its servants, throwing grass or weeds, which had been cut down under its direction, towards and near plaintiff's property, and negligently and wrongfully allowing the same to remain near the plaintiff's premises, by which means fire caused by sparks from a passing engine falling on the grass and weeds was communicated to and destroyed plaintiff's property. The seventh count counted on the sparks from the passing train setting fire to the dry grass, weeds and greasy waste, which the defendant had negligently and wrongfully thrown into the street between its railroad track and plaintiff's property, and near to plaintiff's premises, and negligently allowed the same to remain there, and whence the fire spread to and destroyed plaintiff's

property. The eighth count counted upon the carelessness and negligence of the defendant in allowing fire to escape from its engine and set fire to the dry grass, weeds and other combustible material in Water street, which fire spread to and destroyed plaintiff's property. The special pleas to which demurrers were sustained, set up as a defense to the action, in different ways, an alleged negligent failure or omission on the part of the plaintiff, its agents or servants to do certain things, whereby the injury complained of might have been averted, and that the alleged negligent failure or omission to do which contributed proximately to the injury complained of. The second plea averred that the plaintiff had constructed its shed of dry boards placed upright and covered with wooden shingles, along the immediate east edge of Water street, and to the east of this had other wooden buildings, and a great deal of lumber, so situated as to be in great danger of burning should the shed catch on fire; that the defendant had a right to run its engine on said street, which engine frequently threw out sparks, and that the weather at that time was, and had been for a long time prior, very dry, and there was constant danger of these sparks setting fire to any dry grass or weeds, or other inflammable material that might be on said street, and of said fire being communicated to plaintiff's property, and plaintiff knowing all this, nevertheless, negligently allowed the dry grass or weeds or other inflammable material, to be and remain upon said street, which proximately contributed to communicating the fire complained of to plaintiff's property. The third plea is a repetition of the second, with the additional averment in substance that the fire was caused by sparks from defendant's engine, and that J. W. Black, the president of plaintiff's company, and who had the control and management of its property, saw the sparks fall into the street where he knew there was dry grass, etc., and having the present means of preventing the spread of any fire that arose from falling sparks in the dry grass and weeds, but negligently failed to take any steps to prevent said grass from burning, and went off without looking to see if said sparks had set fire to said

grass and weeds, or was about to do so, and his said negligence also proximately contributed to the injury complained of.  The fourth and fifth pleas are practically the same as the third.  The difference being in averment that defendant's train frequently and daily passed along the street in front of plaintiff's property at a rapid rate, throwing burning sparks into the street where this dry grass, etc., was lying, which dry grass and weeds the plaintiff negligently allowed to remain in the street, and J. W. Black, plaintiff's president, knew these dangerous conditions and saw the sparks fall into the street, but negligently went off without looking to see if said sparks had set fire to said grass and weeds, although he had the means at hand with which he could have prevented the spread of the fire to plaintiff's property.  The 6th, 7th, 8th, (the 9th plea being withdrawn), 10th, 11th and 12th pleas, were substantially the same as the 2d, 3d, 4th and 5th, except that each contained the additional averment that six feet on each side of the said street was, by an ordinance of the city of Mobile, devoted to sidewalks, and it was by ordinance of said city, made the duty of the tenant of every piece of property to keep the sidewalk in front thereof clean and free from grass, etc., and that plaintiff had failed to do this, and that this omission of duty by plaintiff to clean or sweep this six feet, was negligence on the part of the plaintiff, which contributed proximately to the injury complained of.  The 14th, 15th, 16th, and 17th pleas are the same in substance as the 6th, 7th, 8th, 10th, 11th, and 12th, except that they set out the city ordinance requiring each tenant or occupant of a house to sweep the sidewalk in front of his house before ten o'clock of each day.  The 2d and 3d pleas to the complaint, as amended, are to the 6th count, and state the contributory negligence of the plaintiff to consist in its knowledge that defendant's servants had negligently thrown large quantities of grass and other inflammable material near plaintiff's business, and of the danger of burning sparks escaping from defendant's engine and setting fire to this said grass, etc., and which would be communicated to plaintiff's property, but that the plaintiff negligently allowed said dry grass and other inflammable material to remain

in said street, etc. The 4th and 5th pleas to the complaint, as amended, are addressed to the 7th count, and each plea after rehearsing the several wrongful and negligent acts of the defendant set out in that count, then avers that the plaintiff negligently failed to remove the said dry grass, greasy cotton waste, etc., and thereby proximately contributed to the injury complained of. The 6th plea to the complaint, as amended, is addressed to the 8th count, and states the contributory negligence relied on to consist of the knowledge on the part of plaintiff, through its president, that fire had escaped from defendant's engine as averred in said 8th count, and of the danger of igniting the dry grass and weeds and other combustible matter lying on the space of ground near Water street between the plaintiff's said premises and defendant's railroad track, and of being thereby communicated to plaintiff's property, and the plaintiff, having then and there the means of preventing said fire from communicating to its said premises, negligently failed to take the necessary steps to that end, and that plaintiff's said negligence proximately contributed to the injury complained of. To all of said special pleas as stated above demurrers were sustained, except to the 13th special plea, which latter plea set up that the plaintiff negligently placed or threw the inflammable material into the street near its premises, and that this negligence proximately contributed to the injury. On the 13th special plea, and the plea of the general issue the cause was tried.

The principal facts set up in these special pleas may be summarized as follows: That the plaintiff's shed was constructed of inflammable material along the immediate east side of Water street, within thirty feet of defendant's railroad track, which ran in and along said street; that dry grass, weeds and other inflamable matter had accumulated on the street and sidewalk in front of the plaintiff's property; that the weather was dry; that the defendant's locomotive engine, passing along there every day, frequently threw out sparks in dangerous quantities, all of this was known to the plaintiff; that plaintiff was required by city ordinance to sweep

the sidewalk, which it negligently failed to do, and negligently allowed the dry grass, weeds and greasy waste to remain in the street; that the danger of fire escaping from defendant's engine and igniting the dry grass, etc., in the street and on the sidewalk was apparent and known to plaintiff; that the plaintiff's president saw the engine throw out the sparks that caused the fire, and negligently went away without looking to see if the grass had been ignited. It is to be observed that in none of the special pleas to which demurrers were sustained, in the alleged negligence counted on as proximately contributing to the injury complained of in the complaint, is it charged that the plaintiff, its agent or servant, was guilty of any direct or positive act of negligence, but the alleged negligence consisted in the failure or omission to act.

The theory of the defense set up in the special pleas is based on the principle, that if one commits a wrong, whether in tort or in contract, whereby another is affected, or is apparently likely to be affected, it is both the legal and moral duty of the latter to exercise reasonable diligence to avoid the resulting injury to himself or minimize it as far as possible, and if he carelessly or negligently fails to do so he cannot recover of the wrongdoer such damages as he could have thus escaped.

This doctrine is well established in cases of the breach of contract and so recognized by this court in *Murrell & Whitney v. Summers*, 32 Ala. 66, and *Strauss v. Meertief*, 64 Ala. 307. But it is not confined to cases of contracts, and to cases of personal injury, as suggested in argument by counsel for appelee. It is equally applicable in cases of injury and damage to property resulting from a tortious act, and no good reason exists why it should not apply in such cases. The doctrine was recognized and applied in *Little v. Fletcher*, 81 Ala. 237, in an action for injury to property resulting from defendant's negligence, and where the contributory negligence pleaded was similar in character and principle to that pleaded in the case at bar.

The pleas here are not inconsistent with, or opposed to the principle asserted in *L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 260, to the effect that the owner of

property cannot be required to anticipate the negligence of another, but on the contrary, has a right to presume that the railroad company will use proper equipped engines and will operate them in a careful manner. They do not involve the proposition of a duty on the owner of the property destroyed to anticipate negligence on the part of the defendant railroad company in the operation of its locomotives. The contributory negligence set up is *subsequent* to the alleged negligent act of the defendant counted on by the plaintiff as the cause producing the injury complained of. The negligence counted on as the causation of the injury and resulting damages, was not left in anticipation at the time of the alleged contributory negligence pleaded. The negligent act of the defendant was a consummated fact, known to the plaintiff, and that it would likely result in injury to plaintiff's property unless prevented, and which could have been prevented by the exercise of ordinary care and diligence by the plaintiff or its agents. · In 1 Sedgwick on the Measure of Damages, (7th ed.), p. 164, under the head, "Avoidable Consequences not Allowed," the doctrine is thus stated: "The same principles which refuse to take into consideration any but the direct consequences of the illegal act, is applied to limit the damages where the plaintiff, by using reasonable precautions, could have reduced them," and on page 165, quoting from Mr. Starkie, it is said: "In an action for an injury occasioned by the negligence of another, it is a good defense to show that the injury so far arose from the negligence of the plaintiff, that he might by ordinary care and caution have avoided the injury." The following cases are cited as being in point, or bearing on the subject: *Eaton v. Oregon Ry. & Nav. Co.,* 24 Pac. 414; *I. C. R. R. v. McKay,* 12 Sou. Rep. 447; *R. R. Co. v. McClelland,* 42 Ill. 359; *Tillary v. St. L. & S. T. Ry. Co.,* 6 S. W. Rep. 8; *Mills v. Chicago, M. & S. T. Ry. Co.,* 76 Wis. 422.

Our conclusion is that the court erred in sustaining the demurrers to the special pleas It is, however, proper to say, that in our opinion the mere failure on the part of the plaintiff to comply with the ordinance of the city

as to sweeping the sidewalk, though such an omission of duty as might in law become negligence *per se*, would not alone and of itself, and without a knowledge on the part of plaintiff of the defendant's act of negligence, and of the dangerous condition, and of the probable consequences of defendant's negligence, prevent a recovery by plaintiff for the defendant's wrong, which was the primary cause of the injury.

Several exceptions were reserved to the rulings of the curt on the introduction of evidence. We have examined and considered the same, and fail to find that any error was committed in any of these several rulings.

The defendant's railroad ran in and along a public street in the city of Mobile, its right of way was limited to its track. The third charge given at the request of the plaintiff fixed a liability on the defendant for the damages resulting from the fire caused by the falling sparks emitted from the engine and igniting the grass on its right of way, although the engine was properly equipped and properly managed, for a failure to keep its right of way clear of grass, weeds and combustible material likely to be ignited by sparks. None of the remaining counts of the complaint, after 1st, 2d, 4th, and 5th were eliminated, counted upon the failure of the defendant to keep its right of way clear of grass, weeds and combustible material, and the charge when referred to the counts not eliminated was bad. Moreover, there was no evidence that the fire originated from sparks falling in the grass and weeds on the right of way, and the charge for this reason was abstract. Charges four and five are subject to the same criticism. There was no evidence to show that a properly constructed and operated engine would not throw sparks to a distance of twenty-eight feet, and such cannot be said to be a matter of common knowledge. The eighth charge, therefore, was improper, moreover, this charge ignores the evidence that a strong wind was at the time blowing.—*L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 256-7; *A. G. S. R. R. Co. v. Taylor*, 129 Ala. 246.

To rebut the presumption arising from the *prima facie* case circumstantially shown by the plaintiff, the defendant introduced evidence showing a proper equipment

and management of the engine, which was uncontrodicted. The 9th charge hypothesizes the emission of sparks from the defendant's engine in *dangerous quantities* only, but not in quantities unusual for a properly constructed, equipped and managed engine to emit. It is sufficient to put the burden upon the defendant to show that the engine was properly constructed and handled, that the fire originated from sparks emitted by the engine, and the very fact that the fire did so originate would show that sparks were emitted in dangerous quantities and the charge was calculated to lead the jury to draw such an inference, and when so construed, the facts hypothesized amounted to no more than the *prima facie* case made, which required the defendant to show proper construction and handling, and as applied to the evidence was directly opposed to the rule as stated in *L. & N. R. R. Co. v. Mabury Lumber Co., supra.* If the charge had hypothesized the emission of the sparks in *unusual* and dangerous quantities, then it would have been good.

The third count avers that the fire that so escaped fell upon the plaintiff's property, while the 8th count charges that the defendant negligently cut down grass and weeds in the space between the track and the plaintiff's shed, and that the sparks fell into this grass and weeds setting fire to the same which was communicated to plaintiff's premises.

There was evidence tending to show that the defendant cut the grass or weeds in this space, and, left the same lying where it was cut, but there was also evidence tending to show, that the defendant did not cut any grass or weeds in this space, and that the grass and weeds between the track and shed were left standing. Under the instruction contained in charge 17, the jury were required to find for the plaintiff, although they might believe that the grass was not cut down, but was left standing, and although there was no count in the complaint covering such case, as the pleadings stood after the elimination of the 1st, 2d, 4th and 5th counts. The charge, therefore, was bad. The remaining charges given at the instance of the plaintiff, when referred to the pleadings, as they stood after the elimination of the several counts

[Harden v. Collins.]

mentioned, and to the evidence, correctly states the law and no error was committed in the giving of them, except as to the 18th and 19th. The ordinance limiting the speed was not intended to impose any duty on the railroad company in reference to structures or buildings along the line of the railroad, but was intended for the protection of people using the street.

Of the refused charges requested by the defendant, and here insisted on, the 4th and 5th were general charges to find for the defendant under the 6th and 7th counts of the complaint. As to these counts there was conflicting evidence, at least evidence authorizing different inference, and for this reason, these charges were properly refused. The 6th refused charge would have been proper if confined to the 3d count, but was bad in that it ignored other phases of the complaint and the evidence in the support thereof, upon which a recovery was sought. The 9th, 10th, 11th and 12th refused charges were likewise faulty in ignoring phases of the complaint and evidence in support thereof, on which a recovery was sought. The 8th charge was not subject to this ground of objection, as urged by counsel for appellee, and as it correctly stated the law should have been given.

The 7th refused charge was argumentative and for that reason, if no other, the court properly refused it. For the errors pointed out, the judgment will be reversed and the cause will be remanded.

Reversed and remanded.