(114 So. 181)

## MOBILE, M. & G. S. S. CO. v. POSTAL TELEGRAPH–CABLE CO.
### (1 Div. 475.)

Supreme Court of Alabama.   Oct. 20, 1927.

1. **Telegraphs and telephones** &#x2234;53—**Failure of vessel's master to disobey erroneous telegram held not, as matter of law, to excuse telegraph company from liability.**

Where message delivered by plaintiff to telegraph company directed captain of plaintiff's vessel to take 60 tons of coal for voyage to designated port and, as delivered, stated that he should take 50 tons, master's failure to disobey order cannot be held, on demurrer to complaint, to have been intervening, efficient cause of damage to vessel from having insufficient fuel to get to port, so as to prevent recovery against telegraph company.

2. **Shipping** &#x2234;71—**Master of vessel is responsible to owner for deviation from instructions as to course of voyage unless caused by necessity.**

Master of vessel is for some purposes alter ego of owner, but is responsible to owner for consequences of any deviation from instructions as to course of voyage unless caused by necessity, stress of weather, safety of vessel, or saving of human life.

Certiorari to Court of Appeals.

The Mobile, Miami & Gulf Steamship Company sued the Postal Telegraph-Cable Company, and from a judgment for defendant appealed to the Court of Appeals. The judgment of the trial court being there reversed, the defendant, Postal Telegraph-Cable Company, brings this petition for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in said cause (114 So. 179). Writ denied.

William C. Fitts, of New York City, and Inge & Bates, of Mobile, for appellant.

The damage in this case is attributable to the negligence of the master of the ship in sailing with a shortage of coal, and not to the telegraph company for incorrectly transmitting the message. Burdge v. 220 Tons Fish Scrap (D. C.) 2 F. 783 ; Healey v. Martin, 11 Fed. Cas. No. 6,295 ; Ross v. The Active, 20 Fed. Cas. No. 12,071 ; Sylvain v. Canadian Co., 10 Quebec S. C. 195 ; Bursley v. Marlborough (D. C.) 47 F. 667 ; The Abbazia (D. C.) 127 F. 495 ; The Giles Loring (D. C.) 48 F. 463 ; 36 Cyc. 133. It is the duty of one who has been wronged, whether in tort or in contract, to minimize his damage as far as possible, and, if he negligently or carelessly fails to do so, he cannot recover of the wrongdoer such damages as he could have thus escaped. L. & N. v. Sullivan, 138 Ala. 379, 35 So. 327 ; Lilley v. Fletcher, 81 Ala. 234, 1 So. 273 ; Amer. Ry. Ex. Co. v. Judd, 213 Ala. 242, 104 So. 418. Where the plaintiff appeals, and the record shows that, in the event of a reversal and trial in the lower court, he can recover only an insignificant sum, the appellate court will not reverse the case: Sanford v. Richardson, 1 Ala. 182 ; Crump v. Battles, 49 Ala. 223 ; Ligon v. Roberts, 192 Ala. 31, 68 So. 319 ; Slaughter v. First Nat. Bank, 109 Ala. 157, 19 So. 430. Blair v. Riddle, 3 Ala. App. 292, 57 So. 382 ; Cahuzac & Co. v. Samini, 29 Ala. 288 ; Blackburn v. A. G. S., 143 Ala. 346, 39 So. 345, 5 Ann. Cas. 223.

H. Pillans and Pillans, Cowley & Gresham, all of Mobile, for appellee.

The master is obliged to obey the instructions of his owners, where they give any. Abbott on Shipping (13th Ed.) 127, 129 ; Flanders on Shipping, § 158.

SAYRE, J. [1] Petitioner's argument for error in the opinion of the Court of Appeals proceeds upon the theory that the master of appellant's ship should have refused obedience to the apparently authentic order of the owner to go to sea, and that the negligence of the master in obeying an order, which common prudence should have taught him involved great hazard, constituted an independent, intervening cause of the disaster which befell the vessel, and so that the court should have found, as matter of law on the facts alleged, that plaintiff was not entitled to recover. We do not concur in this criticism of the opinion sought to be reviewed.

[2] The master is for some purposes the alter ego of the owner, but he is responsible to the owner for the consequences of any deviation from instructions as to the course of his voyage, unless such deviation is caused by necessity, stress of weather, the safety of the vessel, or the saving of human life. 36 Cyc. 133. As the court observes in Healey v. Martin, Fed. Cas. No. 6,295, it is often difficult—a matter of peculiar difficulty, we would say—to form a satisfactory judgment of the true state of facts involved in transactions at sea which become matters of controversy. From the facts alleged in the complaint we are unable to say, as matter of law, that the master of the vessel in question should have refused obedience to the owner's instructions as delivered to him by the telegraph company, and hence we are unable to assign to his obedience effect as an intervening efficient cause of the damage suffered by plaintiff's vessel. Western Railway v. Mutch, 97 Ala. 194, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179. Petitioner cites cases in which it is held that one who has been wronged, whether in tort or contract, is under duty to minimize his damages as far as he reasonably can, and if he negligently fails to do so, he cannot recover of the wrongdoer such damages as he might

---

have avoided. L. & N. v. Sullivan, 138 Ala. 379, 35 So. 327, and other cases of like import. Our judgment is that such cases have no application in the circumstances shown by the complaint. If it be assumed that, in any event, the telegraph company might excuse its failure to deliver the correct message by showing that the master of the vessel should not have obeyed instructions—an assumption indulged. for the argument only —the facts alleged do not make such a case, as we have said, and, besides and more pertinently just at this point, the rule invoked goes to the measure of damages, not the right to recover, nor, in view of the conclusion stated in respect to petitioner's right to rely on the master's disobedience of orders, can that rule be applied so as to deny damages in toto. On the case presented by the complaint, which, properly enough, does not undertake to state every circumstance of the vessel's condition nor every incident of the voyage it undertook in obedience to the message delivered, it cannot be said that plaintiff was entitled to nominal damages only. Certainly it does not appear that hatch covers. batten boards, or dunnage were unnecessarily burned in lieu of coal which the vessel would have had if plaintiff's message had been delivered in its correct terms.

Perhaps, on the bare facts alleged, the case might be stated more strongly in the owner's favor, but the considerations involved in that conclusion have not been discussed in the briefs, and we think the case, so far as this court is now concerned, may be properly left to rest upon the considerations stated.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.