(88 South. 849)

## MURRAY v. FOWLER. (6 Div. 293.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Action ⊛═40—Joinder of actions of trespass and trover with action for statutory damages for cutting timber proper.**

A cause of·action for the statutory penalty prescribed by Code 1907, § 6035, for entering on land and destroying trees, may, under section 5329, be joined with an action of trespass and trover.

**2. Election of remedies ⊛═3(1)—Where joinder of actions was proper, defendant cannot compel election.**

Where plaintiff joined in his complaint counts of trespass and trover as well as one for statutory penalty for cutting trees, no election can be compelled; the joinder being permissible.

**3. Tenancy in common ⊛═38(6)—Cotenant may recover in an action in·trespass and trover without joining the other cotenant.**

Plaintiff, though· only a cotenant of land, may recover in trover and trespass against one who entered, cut, and removed timber without joining her other cotenant.

**4. Evidence ⊛═519—Witness may testify to comparative freshness of two timber cuttings.**

In trespass and trover for cutting and removing of timber, where it appeared that there had been previous cutting of timber and settlement made, testimony by an expert logger as to the relative freshness of the two cuttings is admissible, and cannot be attacked, even though it be assumed that a witness wholly unskilled might have given his opinion of the relative freshness of the cuttings.

**5. Evidence ⊛═274(4)—Declarations by husband of plaintiff as to boundary admissible.**

In an action of trespass and trover, etc., based on the cutting of timber, declarations by the husband of plaintiff as to boundary while in possession admissible.

**6. Boundaries ⊛═35(2)—Testimony based on declarations by third person as to boundary inadmissible as hearsay.**

In trespass and trover for the cutting of timber, where defendant asserted that the only cutting was·on lands of a third person who had given him the right to remove timber, testimony by a witness that from declarations by such third person as to the boundary between his lands and those of plaintiff the cutting was on plaintiff's lands·was improperly admitted, being hearsay.

**7. Witnesses ⊛═268(8)—Cross-examination of defendant's witness as to release held improper.**

In trespass and trover for cutting timber, where defendant's witness, who was not shown to have had any authority to release or surrender any right of defendant, was asked on cross-examination if he did not say that he would release his interest when settlement had been made, the overruling of objection to such query was improper.

Appeal from Circuit Court, Blount County: W. J. Martin, Judge.

Action by P. L. E. Fowler against T. J. Murray for damage by trespass to land. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under section 6, Acts 1911, p. 449. Reversed and remanded.

O. D. Street, of Guntersville, for appellant.

It was improper to permit testimony as to where timber had been cut merely from looking at the appearance of the stumps. 5 Enc. of Evid. 526. Court erred in admitting evidence as to statements made concerning the location of the line. 4 R. C. L. 122; 1 Greenleaf,. § 145. Evidence as to the value of the timber when worked into heading timber was not admissible. 151 Ala. 435, 44 South. 533; 38 Cyc. 2099. Plaintiff and J. D. Fowler owned the land jointly and there could not be any recovery under counts 1 and 2 until J. D. Fowler was made a party plaintiff. 112 Ala. 539, 20 South. 952; 108 Ala. 581, 18 South. 554; 115 Ala. 334, 22 South. 163; section 3754, Code 1907. Therefore there should have been an election. 26 R. C. L. 956; 18 Ala. 229; 36 R. C. L. 950.

Russell & Johnson, of Oneonta, for appellee.

Under the facts in this case, the plaintiff, being the widow, was entitled to recover. 24 Ala. 466; 75 Ala. 390; 111 Ala. 32, 20 South. 648.

McCLELLAN, J. The plaintiff (appellee) sued the defendant (appellant) for damages resulting from an alleged wrongful entry on lands of plaintiff, and cutting and removal of timber therefrom. Counts 1 and 2 claim the statutory penalty for destroying trees. Code, § 6035. Count 3 declares in trespass on the land, averring the cutting and removal of timber therefrom. Count 4 is in trover for removing a quantity of "heading timber." The trial was by the court without jury, the trial court rendering judgment for plaintiff, and stating that its judgment was not to be referred to the statutory penalty counts, thereby referring (for some, the inconclusive purposes) to the causes of action averred in counts 3 and 4.

[1, 2] There could be no sound objection to the complaint for misjoinder of causes of action (Code, § 5329, and annotations), nor right in the defendant to invoke election by plaintiff as between the causes of action declared on in the complaint.

[3] Even though J. D. Fowler was a cotenant of the plaintiff in the land and timber in question, that fact could not prevent the plaintiff from prevailing in this action on the counts in trover or trespass without the joinder of the asserted cotenant, provided, of course, the plaintiff was otherwise shown to be entitled to recover. Zimmerman v. Dunn,

⊛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

151 Ala. 435, 44 South. 533; Lowery v. Rowland, 104 Ala. 420, 16 South. 88.

[4] It appears from the evidence that timber had been cut at previous times (to that here involved) from or near to the land described in the complaint, the location of the south line of which was controverted in the evidence, and settlement had been theretofore made therefor. With a view to proving what timber had been cut on this latter occasion, the plaintiff was permitted, over defendant's objection, to show by witnesses who had experience· in "logging" what timber the appearance of the stumps indicated had been more recently cut from the land. There was no error in admitting such evidence,. or in eliminating or distinguishing by verbal comparison the older cutting. There was no other way in which this character of distinguishing separation of the distinct cuttings could be brought before the court and 'jury on the subsequent trial. The witnesses' experience in "logging" certainly did not militate against the propriety of receiving such testimony, even if it should be assumed that a witness wholly unskilled and uninformed might have formed and given his opinion of the relative freshness of the cuttings as derived from the stumps left on the land.

[5] The recital of declarations attributed to Tom Fowler (the husband of the plaintiff, since deceased), with reference to the location of the boundary or corners of this land, of which he was in possession at the time, was properly received. Payne v. Crawford, 102 Ala. 387, 397, 398, 14 South. 854; Driver v. King, 145 Ala. 585, 40 South. 315.

[6] The witness Jones testified that—

"He did not know where the line between Mrs. Fowler and Dave Fowler was except Dave Fowler told him."

The witness was then asked this question by plaintiff's counsel:

"From where he told you the line was, was the cutting of the trees on Mrs. Fowler's side of the line?"

The defendant objected on the ground, with another, that the question sought to elicit hearsay evidence; that there was no evidence that the line pointed out to witness by Dave Fowler was the true line. The witness answered in the affirmative. The court erred in overruling the objection. The location of the line between the lands of plaintiff and Dave Fowler, with respect to the timber latterly cut, was a material issue on the trial, the defendant attributing the only cutting he had done to the right given him by Dave Fowler to cut from Dave Fowler's land. The evidence called for by the question was hearsay, and inadmissible.

The same error affects the matter and rulings referred to in assignments 14 and 22.

[7] On the cross-examination of Brown, a witness for defendant, he was asked this question:

"You did tell them that you would release your interest when they had that settlement down there, didn't you?"

The objection was erroneously overruled. This witness was not a party to this suit. It is not asserted that defendant Murray was present on that occasion. So far as appears from the evidence, this witness had no ·authority to release or surrender· any right the defendant had or claimed in the premises. If such authority was conferred on the witness Brown by the defendant, it should have been shown before seeking to elicit the testimony indicated by the quoted question.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.·