**FULTON et al. v. WATTS. (7 Div. 377.)**

(Supreme Court of Alabama. April 19, 1923. Rehearing Denied May 10, 1923.)

1. **Mechanics' liens** ⊂⊃271(4)—**Complaint for lien must aver owner or proprietor of property.**

In order to establish a mechanic's or materialman's lien on property, it is essential for the complaint to aver the owner or proprietor thereof.

2. **Mechanics' liens** ⊂⊃271(3)—**Complaint that property was in "country" held to aver sufficiently that property improved was not in a city, town, or village.**

A complaint, in an action to establish a mechanic's lien, alleging that the property was in the "country," *held* sufficiently to aver that it was not in a city, town, or village within Code 1907, § 4754.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action by C. L. Watts against H. G. Fulton and W. F. Fulton, Jr., to fasten a materialman's and mechanic's lien on property of defendants. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Act 1911. Affirmed.

Garrison & Gay, of Ashland, for appellants.

It is necessary that the complaint allege who is the owner of the house and lot upon which a lien is sought to be fixed and with whom the contract was made. Code 1907,

§§ 4754, 4758; Copelan v. Kehoe & Ramsey, 67 Ala. 597; Sanitary Plumb. Co. v. Simpson, 200 Ala. 590, 76 South. 948; First Ave. C. & L. Co. v. McWilson, 182 Ala. 276, 62 South. 531. Certainty of description of the property upon which a lien is intended to apply is requisite. Montgomery. Iron Wks. v. Dorman, 78 Ala. 218.

John A. Darden, of Goodwater, for appellee.

The appeal being on the record alone, it cannot be affirmed on appeal that appellant was denied any defense to which he was entitled.

ANDERSON, C. J. [1] In order to establish a lien upon the property it was essential for the complaint to aver the owner or proprietor of same. Sanitary Plumbing Co. v. Simpson, 200 Ala. 590, 76 South. 948. None of the counts save the last one, which we number four, avers that the defendants, or either of them, owned the property upon which the lien was sought and fastened by the judgment of the circuit court. As the defendants' demurrer raising this point went to the complaint and each count thereof separately and severally, the trial court erred in overruling same as to counts 1, 2, and 3. This case is appealed, however, upon the record proper, and the record shows that it was tried upon issues submitted to the jury, and from aught appearing the defendants were proven to be the owners of the property as charged in the fourth count of the complaint. This case therefore falls under the influence of rule 45 as construed in the case of Henderson v. Tenn. Co., 190 Ala. 126, 67 South. 414. Moreover the oral charge of the court is not set out as required by the acts of 1915, p. 815, and it might disclose that the court charged that the plaintiff had to prove that the defendants were the owners of the property.

[2] We do not think that the counts were subject to the other grounds of demurrer, though the same could have more properly averred that the land was "not in a city, town or village," as set forth in section 4754 of the Code, rather than "in the country." We think, however, as the term "country" is used in the complaint it excludes the idea that the property is in a city, town, or village. It is evident the lawmakers did not intend "country" and "village" to mean the same, else "village" would not have been expressed with city and town as not being in the country.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes