(100 So. 562)

## TABB v. ZIEMAN.   (I Div. 544.)

(Court of Appeals of Alabama.   April 15, 1924. Rehearing Denied May 13, 1924.)

1. **Master and servant ⚖═258(21)—Count held to state cause of action for injuries from failure to provide sufficient men.**

Count alleging negligence in failing to provide sufficient men to handle object described, and that by reason of said failure same fell upon plaintiff's hand, *held* to state cause of action.

2. **Master and servant ⚖═262(3, 4)—Assumption of risk and contributory negligence must be specially pleaded.**

Assumption of risk and contributory negligence cannot be raised by demurrer, but must be specially pleaded.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action for damages by Nelson Tabb against L. A. Zieman, doing business as L. A. Zieman & Co. Following the action of the court in sustaining demurrer to the complaint plaintiff takes a nonsuit and appeals. Reversed and rendered.

Certiorari denied by Supreme Court in Ex parte Zieman, 211 Ala. 415, 100 South. 563.

Count 4 of the complaint is as follows:

"The plaintiff claims of the defendant five hundred dollars as damages for that heretofore on, to wit, the 7th day of July, 1922, the plaintiff was a servant of the defendant in the city of Mobile, Mobile county, Alabama, and in the course of his employment as such servant it became and was his duty to assist in handling a certain heavy object or thing called a 'pitman' at or near the building used by the defendant as a junk dealer in the said city and the plaintiff alleges that the defendant negligently failed to provide a sufficient number of men to handle said 'pitman' with reasonable safety and that by reason of said failure the same fell upon the plaintiff's hand and so badly mashed, bruised and wounded one of his fingers that he has lost a portion thereof and has thereby suffered much pain and much mental distress and anguish and has been put to expense, for medicines and medical attention in and about attempting to cure the same; all to *his damages in the sum aforesaid;* plaintiff further alleges that this cause did not arise under the Workmen's Compensation Law but that defendant works and did work on said day less than sixteen men regularly and had not elected to come under the terms thereof."

The following grounds of demurrer were assigned to each of the four counts of the complaint:

"(1) Because it is not averred or shown that the alleged negligence of the defendant was the proximate cause of the alleged injuries or damages sustained by the plaintiff.

"(2) Because there is no averment in said count showing any duty upon the defendant to provide additional men to assist the plaintiff in moving or handling the pitman.

---

"(3) Because it is not averred or shown that the plaintiff was acting in conformity with any order or instructions from defendant at the time of the injury.

"(4) For aught that appears in said count the plaintiff assumed the risk in handling said object.

"(5) Because the allegations of the said count show that the possibility or probability of the alleged injuries was naturally and reasonably incident to the service to be performed and the plaintiff had ample opportunity for observing same before undertaking said work.

"(6) For aught that appears in said count the risk or damage was as apparent to the plaintiff as to the defendant and was naturally and reasonably incident to said work.

"(7) Because for aught that appears in said count the defendant did not breach any duty he was owing the plaintiff."

Alex T. Howard, of Mobile, for appellant.

The employer is liable for injuries to his employees, proximately caused by the negligent failure to provide a sufficient number of men. A. G. S. v. Vail, 155 Ala. 382, 46 South. 587; Id., 142 Ala. 134, 38 South. 124, 110 Am. St. Rep. 23. The allegation of proximate cause in the complaint is sufficient. 29 Cyc. 573. Contributory negligence and assumption of risk are defensive matters. Bromley v. B. M. R. Co., 95 Ala. 403, 11 South. 341; Bank v. Chandler, 144 Ala. 286, 39 South. 822, 113 Am. St. Rep. 39.

Gordon & Edington, of Mobile, for appellee.

In order for negligence to confer a right of action, it must be the sufficient proximate cause of injury. So. Ry. v. Crawford, 164 Ala. 182, 51 South. 340. The plaintiff knew of the insufficiency of men, and with such knowledge attempted to lift the object, thereby waiving the negligence of the master. Bank v. Chandler, 144 Ala. 308, 38 South. 124, 110 Am. St. Rep. 23.

SAMFORD, J. The amended complaint is in four counts, to all of which the trial court sustained demurrers. Thereupon, plaintiff took a nonsuit on account of the adverse ruling of the court and here assigns as error the rulings of the court on the demurrers. As we view it, it will not be necessary to consider any but the rulings of the court on demurrer to the fourth count.

[1, 2] This count was held to be good in A. G. S. R. R. Co. v. Vail, 142 Ala. 134, 38 South. 124, 110 Am. St. Rep. 23, and the opinion in the Vail Case was amply supported by the opinions in Ga. Pac. Ry. v. Davis, 92 Ala. 300, 9 South. 252, 25 Am. St. Rep. 47; S. & N. R. R. Co. v. Thompson, 62 Ala. 494; Laughran v. Brewer, 113 Ala. 509, 21 South. 415. The allegation in the complaint that, "by reason of said failure the same fell upon plaintiff's hand," etc., can only mean that the injury was proximately caused by the negligence theretofore alleged. The complaint alleged that the defendant negligently failed to provide a sufficient number of men to handle said pitman. This, with the preceding allegation of the plaintiff's duty to his employer and a description of the pitman, was a sufficient allegation of negligence, which may be alleged in general terms. Assumption of risks and contributory negligence cannot be raised by demurrer, but must be specially pleaded. Bromley v. Birmingham Min. Ry. Co., 95 Ala. 403, 11 South. 341; First Nat. Bank v. Chandler, 144 Ala. 286, 39 South. 822, 113 Am. St. Rep. 39.

The court erred in its rulings on demurrer as to the fourth count, and for this error the judgment is reversed and the cause is reinstated on the docket.

Reversed and rendered.