**J. H. BURTON & SONS CO. v. MAY.**
(1 Div. 312.)

(Supreme Court of Alabama. Jan. 22, 1925.)

1. **Shipping ⚫➡58(1)—Removal of large quantity of lumber from one side of barge only held negligence as matter of law.**

Removal of large quantity of lumber from one side of barge only and resting one end of lumber removed on side of barge from which none had been removed causing barge to collapse and sink *held* negligence as matter of law.

2. **Shipping ⚫➡58(2)—Allegation that improper unloading caused barge to collapse and sink held sufficient allegation of proximate cause.**

Allegation that improper unloading of lumber from barge caused such uneven distribution of weight that barge collapsed and sank *held* sufficient allegation that improper unloading proximately caused injury.

3. **Shipping ⚫➡42, 121(1)—Owner bound to see vessel is seaworthy and suitable for service in which it is to be employed.**

Owner chartering or offering vessel for affreightment is bound to see that vessel is seaworthy and suitable for service in which it is contracted to be employed.

4. **Shipping ⚫➡54—Owner's failure to furnish seaworthy barge held defense to action for its collapse and sinking caused by improper unloading.**

Owner's failure to furnish seaworthy barge is defense to action for damages for its collapse and sinking caused by improper unloading, if such unloading proximately caused injury.

5. **Admiralty ⚫➡2, 31—Admiralty rules applied to suit in state court on maritime torts within federal admiralty jurisdiction; contributory negligence no bar.**

If maritime tort within federal admiralty jurisdiction is sued on in state court, rules of admiralty apply, and in such cases contributory negligence does not bar recovery, but may only be pleaded in mitigation of damages.

6. **Evidence ⚫➡558(8) — Expert should have been permitted to state whether improper unloading ever caused well-constructed barge to collapse.**

Expert on proper method of unloading barge, though not expert on construction, should, as test of his knowledge, experience, and trustworthiness, have been permitted, on cross-examination, to state whether he had ever known well-built barge to collapse from unloading lumber from one side of barge and putting it on other side.

7. **Appeal and error ⚫➡971(1)—Evidence ⚫➡552—Frame and substance of hypothetical questions to experts largely in trial court's discretion.**

Frame and substance of hypothetical questions to experts is largely left to sound discretion of trial court, and court will not be put in error, unless its discretion is abused.

8. **Evidence ⚫➡553(2)—Hypothetical question need not hypothesize every fact in evidence, but should sufficiently cover evidence to justify expert opinion.**

Hypothetical questions need not hypothesize every fact in evidence, but should sufficiently cover evidence so as to justify expert opinion on issue involved.

9. **Evidence ⚫➡553(4)—Refusal to permit hypothetical question relating to effect of unloading quantity of lumber different from amount unloaded held not error.**

Refusal to permit hypothetical question relating to effect of unloading lumber from one side of barge only was not error, where amount removed was more than amount stated in question propounded.

10. **Appeal and error ⚫➡690(4) — Objections and exceptions to picture and model not in record not considered on appeal.**

In absence from record of picture and model of barge introduced in evidence, objections and exceptions referring thereto could not be considered.

11. **Evidence ⚫➡506—Expert should have been required to answer hypothetical question relating to effect of removing lumber from one side only of well-constructed barge.**

In action for collapse and sinking of barge, plaintiff's expert should have been required to

answer hypothetical question relating to effect of removing lumber from one side only of well-constructed barge, since this was merely his opinion, and did not invade province of jury.

12. Shipping ☞58(2)—Evidence of custom of picking sizes of lumber from barge in unloading, held admissible.

Evidence of custom of picking sizes of lumber in unloading barge without regard to proper distribution of weight *held* admissible to show negligence in unloading.

13. Evidence ☞506—Refusal to permit expert to testify whether barge was properly unloaded held proper.

In action for collapse and sinking of barge, refusal to permit expert to testify whether barge was properly unloaded *held* error.

14. Evidence ☞514(1)—Expert should have been permitted to testify whether method of unloading barge was that of careful men skilled in business.

In action for collapse and sinking of barge, expert should have been permitted to testify whether method of unloading barge was that generally followed by careful men skilled in the business.

15. Evidence ☞473—Refusal to permit witness to testify as to appearance of lumber cargo and barge held not error.

In action for collapse and sinking of barge, refusal to permit witness to testify as to appearance of lumber cargo and barge to show that more lumber had been removed from one side of barge than from other *held* not error.

16. Evidence ☞380—Exclusion of sketch of barge not shown to be accurate held not error.

In action for collapse and sinking of barge, exclusion of sketch of barge not shown to be accurate was not error.

17. Evidence ☞513(1)—Expert should have been permitted to give his opinion whether model of barge which sank was properly constructed.

In action for collapse and sinking of barge, *held* that expert should have been permitted to give his opinion whether model admitted in evidence and identified as accurate model of barge in question was properly constructed.

18. Shipping ☞58(3) — Cost of repairs to barge which collapsed and sank held not test of plaintiff's damages.

Cost of repairs to barge which collapsed and sank *held* not test of plaintiff's damages.

19. Evidence ☞513(1)—Expert should have been permitted to testify whether "X-bracing" was necessary to make barge reasonably safe.

In action for collapse and sinking of barge, expert should have been permitted to testify whether "X-bracing" was necessary to make barge safe for carrying heavy cargoes.

20. Evidence ☞552—Material facts not known to expert who based opinion on matters known to him should have been supplied by hypothetical questions.

Where expert's opinion was based on his own knowledge of facts, material facts not within his knowledge should have been supplied to him by hypothetical questions.

21. Evidence ☞502—Owner testifying as to reasonable market value of barge should have been required to answer questions testing his knowledge of value.

Where owner testified regarding reasonable market value of barge which collapsed and sank, defendant's questions testing his knowledge of market value should have been answered.

22. Shipping ☞58(3)—Reasonable cost of repairs may be shown when barge is fully repaired.

In action for collapse and sinking of barge, reasonable cost of repairs may be shown when barge is fully repaired.

23. Evidence ☞508—Rule as to admissibility of expert testimony relating to competency of person to do skilled work stated.

Expert acquainted with employment requiring mechanical skill, who has observed particular person in course of such employment, may testify as to competency of such person, but such opinion is not allowable except where jury cannot be assumed to reach intelligent conclusion without expert aid.

24. Evidence ☞553(2) — Hypothetical question based on model should have hypothesized material in barge as compared to that in model.

Hypothetical question asked expert who based opinion as to proper construction of barge on model, in absence of showing that barge and model were of same material and grade, should have hypothesized material or grade of lumber out of which barge was built as compared to model.

25. Witnesses ☞363(1)—Evidence that witness represented insurer of cargo held competent in action for loss of barge.

In owner's action for collapse and sinking of barge, it was proper to show that witness inspected barge as representative of insurer of cargo and did not represent insurance on barge.

26. Trial ☞121(4) — Argument of counsel that witness represented insurer of cargo and not insurer of barge held proper on issue of his bias and trustworthiness.

In action for collapse and sinking of barge, argument of counsel that witness represented insurer of cargo and not insurer of barge *held* proper on question of witness' bias and trustworthiness.

27. Shipping ☞58(3) — Measure of owner's damages for sinking of barge stated.

Owner's measure of damages for collapse and sinking of barge is difference between its reasonable market value at time and place of collapse, before and after sinking, or reason-

able and necessary cost of putting barge in condition it was before collapse, if repairs could be made, including expense of raising barge and towing it to place where repairs could be made.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action for damages for sinking a barge by Charles L. May against the J. H. Burton & Sons Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Charge 32, refused to defendant, is as follows:

"(32) Gentlemen of the jury, if you are reasonably satisfied from the evidence in this case that the plaintiff's barge at the time of its sinking might have been repaired at the Port of Mobile, and by said repairs have been put in all respects in as good a state and condition it was before its breaking, collapse, and sinking, then, if you should find for plaintiff, in arriving at the amount to award him as damages you should adopt one of two rules, that is to say, you may award him the difference between the reasonable market value of said barge before its injury and its reasonable market value immediately after said injury, as shown by the evidence in the case, or, you may award him such amount as the evidence reasonably satisfies you would have been the reasonable cost of such repairs to it, with interest, from the date of the collapse."

Outlaw & Kilborn, of Mobile, for appellant.

Count 5 is demurrable for failure to aver facts constituting negligence, and that the actions alleged were the proximate cause of the damage. 29 Cyc. 430; 20 R. C. L. 11; Decatur Car Wheel Co. v. Mehaffey, 128 Ala. 242, 29 So. 646; Birmingham Fuel Co. v. Taylor, 202 Ala. 674, 81 So. 630; Jones v. Munson S. S. Line, 17 Ala. App. 226, 84 So. 415; Coosa Mfg. Co. v. Williams, 133 Ala. 606, 32 So. 232; B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262; Dwight v. Holmes, 198 Ala. 590, 73 So. 933; Johnson v. Birmingham Ry., 149 Ala. 529, 43 So. 33; Birmingham O. & M. Co. v. Grover, 159 Ala. 276, 48 So. 682; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90. Plaintiff was under the duty of furnishing a seaworthy barge. Work v. Leathers, 97 U. S. 379, 24 L. Ed. 1012; 36 Cyc. 71; The Caledonia, 157 U. S. 124, 15 S. Ct. 537, 39 L. Ed. 644; The Addison E. Bullard (C. C. A.) 287 F. 674; Central R. & B. Co. v. Letcher, 69 Ala. 106, 44 Am. Rep. 505. There was error in the rulings on the evidence sought by the witness Spottswood. Bivins v. Georgia Pac., 96 Ala. 325, 11 So. 68; A. G. S. v. Arnold, 80 Ala. 600, 2 So. 337; City Council v. Wright, 72 Ala. 411, 47 Am. Rep. 422; Birmingham Ry. v. Alexander, 93 Ala. 133, 9 So. 525; Atlas Portland Cement Co. v. Sharpe, 209 Ala. 464, 96 So. 632; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802; B. R., L. &

P. Co. v. Fisher, 173 Ala. 623, 55 So. 995; Hamilton v. Cranford Mer. Co., 201 Ala. 403, 78 So. 401; Houston Biscuit Co. v. Dial, 135 Ala. 168, 33 So. 268; Huggins v. Sou. Ry., 148 Ala. 153, 41 So. 856; Briggs v. B. R., L. & P. Co., 194 Ala. 273, 69 So. 926; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 S. 604; Harbison-Walker Co. v. Scott, 185 Ala. 641, 64 So. 547; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 803; Ala. C. C. & I. Co. v. Heald, 168 Ala. 626, 53 So. 162; Sloss Co. v. Thomas, 202 Ala. 231, 80 So. 69; Caldwell-Watson Co. v. Watson, 183 Ala. 326, 62 So. 859; Code 1907, § 4017; Oliver v. Oliver, 187 Ala. 340, 65 So. 373; Payne v. Roy, 206 Ala. 432, 90 So. 605; Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541. Evidence by the witness Taylor as to whether the barge was properly unloaded should have been admitted. McCarthy v. L. & N., 102 Ala. 193, 14 So. 370, 48 Am. St. Rep. 29; Sou. Ry. v. Dickson, 211 Ala. 481, 100 So. 665; American Oak Leather Co. v. Atwood, 191 Ala. 450, 67 So. 663. Testimony sought by witness King as an expert should have been allowed. Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537; Sloss v. Underwood, 204 Ala. 286, 85 So. 441. Defendant should have been permitted to show by the witness Henderson whether the barge was properly constructed. L. & N. v. Lovell, 196 Ala. 94, 71 So. 995; McNamara v. Logan, 100 Ala. 187, 14 So. 175; Oden-Elliott v. Daniel-Gaddis, 210 Ala. 582, 98 So. 730; Williamson Ir. Co. v. McQueen, 144 Ala. 265, 40 So. 306; Marbury L. Co. v. Heinege, 204 Ala. 241, 85 So. 453; Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Ala., etc., Co. v. Pitts, 98 Ala. 285, 13 So. 135. Questions propounded to witness Murnan called for competent testimony. Warrior-Pratt Coal Co. v. Shereda, 183 Ala. 118, 62 So. 721; McCreary v. Turk, 29 Ala. 244; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604; B. R., L. & P. Co. v. Sprague, 196 Ala. 148, 72 So. 96; M. L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837; Owen v. A. G. S., 181 Ala. 552, 61 So. 924. The argument by plaintiff's counsel was prejudicial. Standridge v. Martin, 203 Ala. 486, 84 So. 266; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; Watts v. Espy, 211 Ala. 502, 101 So. 106. Charge 32, requested by defendant, should have been given. B. R., L. & P. Co. v. Sprague, supra; Plylar v. Jones, 207 Ala. 372, 92 So. 445; Sou. Ry. v. Reeder, 152 Ala. 227, 44 So. 699, 126 Am. St. Rep. 23; Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Count 5 was not subject to demurrer. Dwight v. Holmes, 198 Ala. 590, 73 So. 933; Tabb v. Zieman, 20 Ala. App. 10, 100 So. 562; Holloway & Gilchrist v. Harper, 108

Ala. 648, 18 So. 663; Sou. C. & F. Co. v. Bartlett, 137 Ala. 234, 34 So. 20; B. R., L. & P. Co. v. Fisher, 173 Ala. 623, 55 So. 995. Defendant's pleas do not show the negligence alleged to be the proximate cause of the injury. Owners of The Steamboat Farmer v. McGraw, 26 Ala. 189, 72 Am. Dec. 718; Reaves v. Anniston Knit. Mills, 154 Ala. 565, 45 So. 702; Garrett v. L. & N., 196 Ala. 52, 71 So. 685; L. & N. v. Sullivan Timber Co., 138 Ala. 379, 35 So. 327; M. & O. v. Christian-Moerlein Brew. Co., 146 Ala. 404, 41 So. 17. The tort was a maritime tort, and is governed by the rules and principles of admiralty. Imbrovek Case, 234 U. S. 52, 34 S. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; Jenson Case, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Knickerbocker Case, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; Carlisle Pkg. Co. v. Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927. Contributory negligence is not a complete bar in admiralty. The Gray Eagle, 9 Wall. 511, 19 L. Ed. 741; The Dauntless, 179 F. 346, 102 C. C. A. 530; The Max Morris, 137 U. S. 1, 11 S. Ct. 29, 34 L. Ed. 586; Carter v. Brown, 212 F. 393, 129 C. C. A. 69; The Hendrick Hudson (D. C.) 163 F. 862; Id., 168 F. 1021, 93 C. C. A. 670. The frame and substance of hypothetical questions to expert witnesses is matter largely committed to discretion of trial court. Hamilton v. Cranford Mer. Co., 201 Ala. 403, 78 So. 401; Brown v. Mobile E. Co., 207 Ala. 61, 91 So. 803. Abuse of discretion will not be affirmed, where questions had reference to ocular demonstration or illustration. Cont. Gin. Co. v. Milbrat, 10 Ala. App. 351, 65 So. 424; Warble v. Sulzberger Co., 185 Ala. 603, 64 So. 361; Sloss Co. v. Redd, 6 Ala. App. 404, 60 So. 468; Schmidt v. Mobile L. & R. Co., 204 Ala. 694, 87 So. 181. A witness will not be permitted to testify that a person is or is not skilled, unless he first states the facts on which he bases his opinion. Knowlton v. C. of Ga., 192 Ala. 457, 68 So. 281; Owen v. A. G. S., 181 Ala. 562, 61 So. 924; Stewart v. Sloss Co., 170 Ala. 544, 54 So. 48, Ann. Cas. 1912D, 815; B. R. & E. Co. v. Baylor, 101 Ala. 488, 13 So. 793; Ala. Power Co. v. Talmadge, 207 Ala. 94, 93 So. 548. Where an expert proposes to state his opinion upon known facts, he must first testify to the facts. Stewart v. Sloss Co., 170 Ala. 544, 54 So. 48, Ann. Cas. 1912D, 815; Raub v. Carpenter, 187 U. S. 159, 23 S. Ct. 72, 47 L. Ed. 119; Brown v. Mobile E. Co., 207 Ala. 61, 91 So. 802.

THOMAS, J. There are many assignments of error which will be treated in the order of the arguments thereon.

The overruling of demurrer to count 5 of the complaint is urged as error. It is argued that the count attempts to allege the quo modo of negligence; that the facts alleged are insufficient; and that it does not allege that damage was the proximate result of the negligence charged.

The necessity and requirements of appropriate pleading are well understood, have often been discussed, and need not be repeated. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933, and authorities; B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 So. 565; Alabama F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541; B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304; A. F. & S. F. R. Co. v. Rice, 36 Kan. 593, 600, 14 P. 229; Wills' Gould on Pleading, pp. 2, 3, 192, 361.

[1] The allegations of negligence contained in said count were sufficient from the facts or act specified—the removing of a large part of the lumber from one side of the barge without removing any considerable part of that cargo from the other side, and resting "one end of a large part of the lumber so removed upon the side of the barge *from which no lumber had been removed,* which said method of unloading placed too great a weight upon one side of said barge and was an improper method of unloading said barge," and an "uneven distribution of the weight of lumber" which "caused the said barge to break, collapse, and sink to the plaintiff's *damage as aforesaid.*" (Italics supplied.) The facts thus alleged constituted negligence as a matter of law. Dwight Mfg. Co. v. Holmes, 198 Ala. 599, 73 So. 933. Moreover, the court understood the effect of the count, as we have indicated, and charged the jury that it was not sufficient that plaintiff prove that the barge was unevenly unloaded, but that plaintiff must further prove that such method of unloading was negligently done. There was no reversible error in overruling demurrer on this ground. Jackson v. Vaughn, 204 Ala. 542, 86 So. 469; Sov. Camp. v. Ward, 201 Ala. 446, 78 So. 824; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Taylor v. Lewis, 206 Ala. 338, 89 So. 581; Fulton v. Watts, 209 Ala. 408, 96 So. 184; Clayton v. Jordan, 209 Ala. 334, 96 So. 260.

[2] To authorize a recovery under said count the averment must be sufficient to show the injury complained of was proximately caused by the negligence averred— such uneven distribution of the weight of the lumber in an improper unloading that caused the barge to "collapse and sink to the plaintiff's damage as aforesaid." This was a sufficient averment of proximate cause, as *efficacious as if the words "proximate cause"* had been employed by the pleader. L. & N. R. R. Co. v. Kelly, 198 Ala. 648, 73 So. 953; Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77; Southern Car & Foundry Co. v. Bartlett, 137 Ala. 234, 34 So. 20; Tabb v. Zieman (Ala. App.) 100 So. 562.[1] When the complaint

[1] 20 Ala. App. 10.

as a whole is considered, as it must be, the full significance of the words employed is the averment of a proximate cause. Alabama Power Co. v. Stogner, 208 Ala. 666, 95 So. 151. That is, the method of unloading the lumber from the barge was averred to be improper and negligent, and that the same was the proximate cause of the collapse of the barge and the injury sustained. That, in short, was the obvious effect of the pleading. There was no error in overruling the demurrer on the last-stated ground.

[3, 4] The sustaining of demurrer to pleas A, B, and C, seeking to plead the general rule obtaining in the state courts of contributory negligence in bar of a recovery, is assigned as error, and is insisted upon in the argument of counsel. The substance of pleas A and B is that it was the duty of the owner to furnish a seaworthy barge for the transportation of his lumber to defendant's wharf and place of business; that this duty was not observed; and that by reason of his contributory negligence in this behalf his injury for which complaint is made was sustained. It is the law that, where an owner of a vessel charters her or offers her for affreightment, he is in duty bound to see that she is seaworthy and suitable for the services in which she is contracted to be employed. Work v. Leathers, 97 U. S. 379, 24 L. Ed. 1012; The R. & O. Nav. Co. v. The Boston, etc., Co., 136 U. S. 408, 10 S. Ct. 934, 34 L. Ed. 398; The Bradley Fertilizer Co. v. Lavender, 14 S. Ct. 823, 153 U. S. 199, 38 L. Ed. 688; The Caledonia, 157 U. S. 124, 15 S. Ct. 537, 39 L. Ed. 644; The Bullard (C. C. A.) 287 F. 674. If the failure of said duty on plaintiff's part was the proximate cause of the collapse and sinking of the barge and of his consequent damage, that defense was available in proper pleas under the rule that obtains in this jurisdiction. The rule in this state has been given frequent application. Central Ry. & Banking Co. v. Letcher, 69 Ala. 100, 44 Am. Rep. 505; So. Ry. Co. v. Morgan, 171 Ala. 294, 54 So. 626; L. & N. R. R. Co. v. Dilburn, 178 Ala. 600, 59 So. 438.

We need not further observe that the contributory negligence pleaded must be the proximate cause of the injury, or a concurring proximate cause thereof. McCaa v. Thomas, 207 Ala. 211, 214, 92 So. 414; Owners of Steamboat Farmer v. McCraw, 26 Ala. 189, 72 Am. Dec. 718; Reaves v. Anniston Knitting Mills, 154 Ala. 566, 45 So. 702; Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 So. 685; L. & N. R. R. Co. v. Sullivan Timber Co., 138 Ala. 379, 35 So. 372; M. & O. R. R. Co. v. Christian Moerlein Brewing Co., 146 Ala. 404, 41 So. 17; Ray v. Brannan, 196 Ala. 113, 72 So. 16; Conecuh Naval Stores Co. v. Castillow, 209 Ala. 271, 96 So. 142. The pleas A and B correctly set up contributory negligence under the rule obtaining in this state. So, also, did plea C as to the contributory negligence set up by reason of the improper manner of making fast the barge at defendant's wharf or place for the conduct of the business of unloading said cargo of lumber.

We may next inquire if the pleadings under consideration show that the injury was a maritime tort—whether it was sustained by virtue of a maritime contract (Ex parte Havard, 100 So. 897 [2]) or occurred in navigable waters, or in the doing of a maritime act or service. If so, is the award of damages for the tort complained of, and for which suit is brought in a common law court, to be subject to the contributory negligence rule obtaining in the state courts, or the comparative negligence rule obtaining in admiralty?

[5] A claim in a state court in an action for a maritime tort committed upon navigable waters and within the admiralty jurisdiction of a right under the federal statute presents a federal question, and that jurisdiction cannot be restrained by the mere fact that the party plaintiff has elected to pursue his common-law remedy in a state court. On the authority of Atlee v. Northwestern Union Packet Co., 88 U. S. (Wall.) 389, 22 L. Ed. 619, it was held that, if both vessels are culpable in respect of operating, etc., neither can recover damages for injuries so caused. Belden v. Chase, 150 U. S. 674, 14 S. Ct. 264, 37 L. Ed. 1218. However, by the later cases it has been held by the Supreme Court of the United States that the general rules of maritime law apply to suits for maritime torts brought in the common-law courts of the United States (Carlisle Pack. Co. v. Ole Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927; Chelentis v. Luckenbach, etc., Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171; Knickerbocker, etc., Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; South. Pac. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900), and that every species of tort, however occurring and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance (Atlantic Trans. Co. v. Imbrovek, 234 U. S. 52, 32 S. Ct. 835, 56 L. Ed. 1263, 58 L. Ed. 1208, 1212, s. c. 51 L. R. A. [N. S.] 1157, note), or is of common-law cognizance within the jurisdiction saved "to suitors in all cases (where) the right of a common-law remedy (exists) when the common law is competent to give it." South. Pac. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, 1099, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Steamer Max Morris v. Curry, 137 U. S. 1, 11 S. Ct. 29, 34 L. Ed. 586, 589. In Chelentis v. Luckenbach Steamship Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171, 1176, the court said, of the sav-

---

[2] 211 Ala. 605.

ing clause of the act of Congress (saving to the suitor the right of a common-law remedy, where the common law is competent to give it) that "a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law"; and it was declared "but we find nothing therein which reveals an intention to give the complaining party an election to determine whether the defendant's liability shall be measured by common-law standards rather than those of the maritime law * * * without regard to the court where he might ask relief, petitioner's rights were those recognized by the law of the sea." Judicial Code, §§ 24, 256 (36 Stat. at L. 1091, 1160, c. 231 [Comp. Stat. 1916, §§ 991, 1233]).

This ruling was adhered to in Carlisle Pack. Co. v. Ole Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927, 930.

If, therefore, a suit for a maritime tort is brought in a common-law court, the rights or liabilities of the parties are unchanged; that is to say, if the tort be within the rules of admiralty law, and suit is brought in a common-law court—as the circuit court—the rule obtaining in admiralty would be applied, viz., "that, where both parties are at fault, both must contribute to make good the damages." The Gray Eagle, 9 Wall. (U. S.) 505, 511, 19 L. Ed. 741; Pfister v. Greening, 76 U. S. 505, 19 L. Ed. 741. In The Steamer Max Morris v. Curry, 137 U. S. 1, 11 S. Ct. 29, 34 L. Ed. 586, the cases applying the rule of a "division of the loss" are collected. In that case a longshoreman employed to load coal on board a steamship, and injured while so employed by falling from the steamer's bridge to her deck, sued in the circuit court of the United States, and the admiralty rule of the "division of damages" or of comparative negligence was applied.

If, therefore, a maritime tort is sued for, as such, in the circuit court, the rights and liabilities of the parties are unchanged, and the amount of recovery in such suit is measured by the rules and principles prevailing in admiralty, where contributory negligence is not a bar to a recovery, but may only be pleaded in mitigation of damages.

The pleas in question were not so limited. Neither the complaint nor the pleas sufficiently informed the court, when the rulings on demurrer were made, that the barge collapsed in navigable waters, or had so navigated the same with the lumber being unloaded. If there was error when sustaining demurrer to said pleas of contributory negligence, the subsequent facts before the court show that the recovery was sought for a maritime tort to "be measured by common-law standards," and this the pleas did not purport to do. On another trial the pleadings can be so framed as to indicate that the recovery sought and defenses made are under the maritime law. It may be observed that pleas 6 and 11 were sufficient to inform that the defense sought to be set up was in bar to the recovery for a maritime tort; yet said pleas were insufficient in the attempt to plead in bar to recovery the general rule of contributory negligence of the plaintiff, when the maritime law applicable to such facts may only be shown. Reversible error is not presented in the rulings on said pleas.

We have indicated that the duty owing by plaintiff in the case at bar for the recovery of a maritime tort is entirely different from that which is shown to have existed in. L. & N. R. Co. v. Marbury Lbr. Co., 125 Ala. 237, 28 So. 438, 50 L. R. A. 620, and L. & N. R. Co. v. Sullivan Timber Co., 138 Ala. 379, 35 So. 327. Plaintiff's duty in the premises was to furnish a seaworthy barge and maintain it in that condition to the time and place of delivery to defendant for unloading per the contract.

[6] Captain Spottswood was introduced as a witness by plaintiff, and testified of his long experience in the business of unloading barges, and of the proper manner in which to unload a barge, and he should have been permitted, on cross-examination, to have answered this question propounded to him:

"Have you ever known a well-built barge to collapse from unloading lumber from one side of a barge and putting it on the other side?"

Though the witness was not offered as an expert on the proper construction of barges, the question tended to test his knowledge, experience, and trustworthiness about the business of unloading barges. In Bivins v. Ga. Pac. Ry. Co., 96 Ala. 325, 327, 328, 11 So. 68, 69, appeared the quotation from Ray's Negligence of Imposed Duties, pp. 137, 138:

" 'Where the obligation is not in its nature so nearly absolute as it is said to be in the case of a passenger, and the circumstances of the accident suggest, at first blush, that it may have been unavoidable notwithstanding ordinary care, the plaintiff, charging negligence, assumes the burden of proving that the defendant has, by some act or omission, violated a duty incumbent on it, from which the injury followed in natural sequence; and, in the extreme case of a carrier, that which never happened before, and which in its character is such as not naturally to occur to a prudent man to guard against its happening at all, cannot, when in the course of years it does happen, furnish good ground for a charge of negligence in not foreseeing its possible happening, and guarding against that remote contingency.' " Atlas Portland Cement Co. v. Sharpe, 209 Ala. 464, 96 So. 632; City Council v. Wright, 72 Ala. 411, 47 Am. Rep. 422; A. G. S. R. Co. v. Arnold, 80 Ala. 600, 2 So. 337; Birmingham Union Ry. Co. v. Alexander, 93 Ala. 133, 9 So. 525.

In Mobile Light, etc., Co. v. Walsh, 146 Ala. 295, 40 So. 559, 9 Ann. Cas. 852, the question considered was whether there were

many other places in the city where people alighted from cars and without injury, and which were just as dangerous as that where plaintiff alighted and sustained injury, and such inquiry was held immaterial. This did not test a witness on cross-examination, but merely multiplied issues of fact. The case of Alabama Lbr. Co. v. Keel, 125 Ala. 603, 28 So. 204, 82 Am. St. Rep. 265, was an action by a riparian proprietor for overflow. The fact that other tracts of land belonging to other people located on the same stream "above and below" the boom where the jam was caused at a cross-boom were or were not washed or overflowed was irrelevant to the condition complained of at the jam or cross-boom in question. This decision was not an analogy to the question presented by the attempted cross-examination of Captain Spottswood.

[7, 8] The "frame and substance" of hypothetical questions to experts is largely left to the sound discretion of the trial courts, and such courts will not be put in error unless that discretion is abused. Miller v. Whittington, 202 Ala. 406, 410, 80 So. 499; Alabama, etc., Co. v. Bessiere, 197 Ala. 9, 72 So. 325; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604; Pullman Co. v. Meyer, 195 Ala. 397, 70 So. 763; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802; Denson v. Acker, 201 Ala. 300, 78 So. 76; Louis Pizitz D. G. Co. v. Cusimano, 206 Ala. 689, 91 So. 779. Hypothetical questions are not objectionable for the omission to hypothesize every fact theretofore shown by the evidence; yet they should be a sufficient statement of the instant evidence as to fairly apprise and justify the expert opinion on the material issue of fact before the court. Miller v. Whittington, 202 Ala. 406, 410, 80 So. 499; Ala. City, etc., Co. v. Bessiere, 197 Ala. 9, 72 So. 325; Birmingham, etc., Co. v. Butler, 135 Ala. 388, 33 So. 33; Morrissett, Exec., v. Wood, 123 Ala. 384, 26 So. 307, 82 Am. St. Rep. 127.

[9] At the time the instant hypothetical question was sought to be propounded a less quantity of lumber—and therefore less in weight—had been removed from the barge than that sought to be given statement in the question denied by the court. There was no abuse of sound discretion.

[10] We cannot consider the objections and exceptions referring to the picture and model —there was ocular demonstration to the jury —and this record does not make known to this court such evidence of which the jury had the benefit by inspection of the picture and the models exhibited to the witness Spottswood in the presence of the jury. Schmidt v. Mobile Light & R. Co., 204 Ala. 694, 87 So. 181; Fayet v. St. Louis, etc., Co., 203 Ala. 3, 81 So. 671; South. Ry. Co. v. Wyley, 200 Ala. 14, 75 So. 326; L. & N. R. R. Co. v. Jenkins, 196 Ala. 136, 72 So. 68;

B. R., L. & P. Co. v. Canfield, 177 Ala. 422, 429, 59 So. 217.

[11] The question to the witness Captain Spottswood as follows: "Captain Spottswood, if you had here a barge 96 feet long, 25 feet wide, and 6 feet deep, and she was tied to the wharf here on my left, and on the right she was tied by these tow bitts with chains and a rope to another heavily loaded barge, and it was loaded fore and aft, with 100,000 feet of more or less green lumber, and we took from this side of the barge, that is, the right-hand side, from 6,000 to 8,000 feet of lumber, about all of it resting one end from the barge to the wharf, with the exception of about four dolly loads, which had been carried off, would that, in your judgment, be sufficient to cause injury or damage to that barge, provided it was reasonably well constructed?" should have been answered. Defendant's servants had the right to assume that plaintiff's barge was reasonably well constructed for the purpose for which plaintiff had engaged and subjected that barge in the premises; that is to say, to assume that the barge was seaworthy —and the witness is shown to have been an expert and capable of drawing the conclusion asked from the hypothesized facts, which were sufficient to fairly justify the formulation of an opinion on the material issue on which the testimony was offered. Miller v. Whittington, 202 Ala. 406, 410, 80 So. 499. The question and the answer sought were merely as to the opinion of an expert, and did not invade the province of the jury. Sloss-Sheffield Co. v. Thomas, 202 Ala. 231, 80 So. 69; Brown v. Mobile Elec. Co., supra; Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547; Ala. Consolidated C. & I. Co. v. Heald, Adm'r, 168 Ala. 626, 643, 53 So. 162.

[12] The sustaining of objection to the question to Captain Spottswood as to the custom of skillful men engaged in that business "to go around over the load and pick out the sizes they want * * * and take it all off of one side" may be justified in the fact that it was confused and eliptical. A properly framed question as to the custom of picking sizes of lumber from a boat or barge in unloading lumber therefrom, without regard to a proper distribution of the weight, would have elicited a pertinent fact in determining the negligence vel non of unloading in the instant case. Caldwell-Watson F. & M. Co. v. Watson, 183 Ala. 326, 334, 335, 62 So. 859; Odon-Elliott Lbr. Co. v. Daniel-Gaddis Lbr. Co., 210 Ala. 582, 98 So. 730.

In Payne v. Roy, 206 Ala. 432, 435, 90 So. 605, this court declared, as to the discretion of trial courts to limit cross-examination, that this discretion does not go to the extent of authorizing a denial to a party of the right to explain or qualify discrediting facts brought out by the opposite side. And

such was the ruling in Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541. The witness (Spottswood) should have been permitted to answer the questions:

"Captain Spottswood, how much lumber would it take, in your judgment, moved from one side, without moving any from the other, to do injury to a barge of that kind, provided it was reasonably well constructed?"

"Speaking of barges generally used in this part of the country for transporting up and down the river as much as 100,000 feet on one load, how much lumber would you have to move from one side, without moving any from the other, when that barge was loaded, in order to cause injury or damage to the barge?"

[13, 14] The witness Taylor qualified as an expert, and testified as to the amount of lumber, the manner it was loaded and being unloaded, its weight, the quality of lumber moved and its position, the manner the barge collapsed and sank. The question, "I will ask you, Mr. Taylor, whether or not, from your experience in the loading and unloading of the barges, you would say whether or not that barge was properly or improperly unloaded that morning?" was properly refused. Not so as to the question, "I will ask you whether or not that barge was unloaded there that morning in the same manner generally used by careful and prudent men, skilled in that line of business?" Ala. Power Co. v. Talmadge, 207 Ala. 86, 92, 93 So. 548; McCarthy v. L. & N. R. R. Co., 102 Ala. 193, 14 So. 370, 48 Am. St. Rep. 29; Atlantic, etc., Co. v. Enterprise Cotton Co., 199 Ala. 57, 74 So. 232; Cohn & Goldberg Lbr. Co. v. Robbins, 159 Ala. 289, 48 So. 853; N. C. & St. L. R. R. Co. v. Hinds, 9 Ala. App. 534, 60 So. 409; Jones on Ev., §§ 380, 381.

[15] There was no reversible error in not allowing the witness King to testify to the appearance of the lumber and barge, and in so doing by a mere statement of collective fact—that there had been "taken an amount off one side more than on the other." Cunningham Hdwe. Co. v. L. & N. R. Co., 209 Ala. 327, 96 So. 358; Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537; L. & N. R. Co. v. Hayward, 201 Ala. 9, 75 So. 22; Sloss-Sheffield Co. v. Underwood, 204 Ala. 286, 85 So. 441; Murray v. Fowler, 205 Ala. 597, 88 So. 849. The witness had stated the fact that when he got there "the lumber was about even," and those engaged in unloading "were picking an average." And the witness was permitted to answer as to how much lumber was resting "one end on the barge and one end on the wharf"—that there was not as much as "a couple of thousand feet that way."

[16, 17] There was no error in excluding the evidence of Frank Henderson as to the plan or sketch of the barge exhibited by May to Henderson. Defendant should have made the preliminary proof that the sketch or plan shown Henderson was true and correct of the plaintiff's barge which collapsed at "Burton's Wharf," and for which suit was brought. The fact that Henderson could not say that May told him "this was the barge that had collapsed at Burton's Wharf" would not have prevented said expert from expressing his opinion of the correctness and sufficiency vel non of the sketch or plan of the barge exhibited; he might have stated whether it was properly designed or constructed. The failure of counsel for defendant in this behalf was to show what plan or sketch was exhibited and what that plan or sketch showed. Defendant could have shown such facts by his own or other testimony, if not by Henderson. Alabama Power Co. v. Talmadge, 207 Ala. 87, 94, 93 So. 548. The model of the barge was before the jury, with reference to which other witnesses had been examined. It was identified as a correct model of the barge in question, and Mr. Henderson should have been permitted to be examined as an expert with reference to that model and to give his opinion as to whether or not it was correctly constructed, as defendant sought to do. The questions made the basis of assignments of error 46 and 47 should have been answered. The two questions properly hypothesized the cargo and the block or model identified as correct. This examination of the expert is justified by the decisions of this court. In Briggs v. B. R., L. & P. Co., 194 Ala. 273, 69 So. 926, the expert witness was permitted to testify as to properly insulated arc lamps. In A. C. C. & I. Co. v. Heald, Adm'r, 168 Ala. 626, 53 So. 162, such expert testified that it was unsafe to go into a mine under the given conditions; in City of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562, an expert brickmason may say whether a wall was strong enough to hold water; in Alabama, etc., Co. v. Pitts, 98 Ala. 285, 13 So. 135, an expert might testify as to whether machinery was *adapted for the required purpose*; in Williamson Iron Co. v. McQueen, Adm'r, 144 Ala. 265, 40 So. 306, expert permitted to testify as to the condition of a furnace prior to the accident and of the material therefrom after the accident, and to give his opinion whether sufficient; in Adams v. Turner, 162 Ala. 351, 50 So. 308, 136 Am. St. Rep. 28, the expert was permitted to testify that the boiler was properly set; in Atlanta, etc., Co. v. Knight, 211 Ala. 213, 100 So. 233, it was declared that an expert might testify the proper way a culvert should be constructed or maintained.

[18, 19] Many exceptions were reserved to rulings on evidence during the examination of the witness Murnan, who qualified as an expert in the building and repairing of boats, barges, and vessels, and in repairing wooden gunwale barges of the type and character of plaintiff's barge, the "Betty M." He knew that barge, docked it for plaintiff, and re-

paired it. The cost at which the barge was repaired was not the test of the damage to plaintiff because of her collapse. The reasonable cost of necessary repairs incident on account of the injury complained of is not inquired about. The witness described the manner of her construction, illustrating, in the giving of such testimony, by the model in court. He should have been permitted to answer such questions as whether it was necessary, to make a gunwale barge of the sort of the plaintiff's barge "reasonably safe to carry heavy cargoes," that there should be in her "X-bracing." The question, "I will ask you whether or not in your judgment, based upon your experience as a barge builder and repairer, the fastenings which were in the deck beams of Mr. May's barge were good and sufficient fastenings?" should have been answered. The witness later stated the nature and purpose of an X-brace in making such barges seaworthy, covering the exceptions assigned as 49, 50, and 51. Ala. Power Co. v. Talmadge, 207 Ala. 96, 93 So. 548.

The hypothetical questions embraced in assignments of error 59 and 60 are not urged in argument.

[20] Questions embraced in assignments of error 53, 54, 57, and 58 did not seek an opinion as an expert based on hypothesized facts, but upon the witness' own knowledge of the facts, and of his lack of knowledge in material respects as follows:

"The deck beams of that barge were constructed of short leaf pine. It would be a little hard to determine what grade of short leaf pine; I never looked at it that close."

These material facts should have been supplied the witness by hypothetical questions. Birmingham Ry. & Elec. Co. v. Baylor, 101 Ala. 488, 13 So. 793; Knowlton v. C. of Ga. Ry. Co., 192 Ala. 456, 68 So. 281; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802. In Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604, and Marbury Lbr. Co. v. Heinege, 204 Ala. 241, 85 So. 453, cited by appellant's counsel, the material facts were quite different.

[21] The reasonable market value of a barge like that of plaintiff should have been limited to its value at the port of Mobile. However, the plaintiff, having given the reasonable market value without limitation at that port, the defendant's questions, as follows, should have been answered:

"State whether or not you were sufficiently acquainted with the market value of barges of that kind at the time to pass upon the question of their market price?"

"At that time what was the reasonable market price of a gunwale barge of similar dimensions; that is, at the time of the collapse of Mr. May's barge?"

"What was the reasonable market value at that time of a well-constructed gunwale barge 96 feet long by 25 feet wide by 6 feet deep?" Gibson v. Gaines, 198 Ala. 583, 73 So. 929;

Bank of Phœnix City v. Taylor, 196 Ala. 665, 72 So. 264.

[22, 23] When the injury may be fully repaired, the reasonable cost of those repairs may be shown. South. Ry. Co. v. Reeder, 152 Ala. 227, 44 So. 699, 126 Am. St. Rep. 23; Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354; Mobile Light & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837. The plaintiff, as a witness in his own behalf, testified that he helped repair the injury; that it was not "put back as strong as it was before." The defendant may therefore show what had been done in this repairing, whether necessary to restore the barge in like condition as before the collapse, and inquire of the expert having the necessary repairs made what they were and the reasonable market value at Mobile of the barge so repaired. The witness testified that the reasonable value of the repairs was $1,500, and that the price of putting the barge in the same condition as before its collapse was "at that time about the same price." On account of the opportunity of the witness Murnan to observe the skill and ability of plaintiff in the premises, an opinion may be expressed by that expert that plaintiff was or was not sufficiently skilled to properly construct such a barge as that for injury to which suit is brought, by way of contradiction of May. Owen v. A. G. S. R. Co., 181 Ala. 552, 61 So. 924; Buckalew v. T. C. I. & R. R. Co., 112 Ala. 146, 20 So. 606. The rule is that, where a particular employment required technical skill, an expert shown to have a general acquaintance with the employment, and who knows the particular services incident thereto, and has observed a particular person in the course of the employment, may testify that such person is competent or incompetent, but such opinion is not allowable except in instances where the jury cannot be assumed to understand the subject and able to reach an intelligent conclusion of their own without expert aid.

[24] The question to the witness Christie was properly referred to the model in court and the method of construction exhibited thereby; yet the question failed to hypothesize the material or grade of lumber out of which the barge was built as compared to the model. This was necessary, since it was not shown the witness that the model and the barge were of the same material and grade. The witness, in effect, answered what sort of bracing or fastening is necessary to make a "wooden gunwale barge" "reasonably seaworthy" and the "purpose of an X-brace."

[25, 26] It was competent to show the preliminary facts that witness Frisbie was a "surveyor of Lloyd's Agencies," what that office was, that he inspected the instant "barge of Captain May's which was collapsed at Burton's Wharf," were representing that insurance company "for Mr. Burton's insur-

ance on the cargo," and that he was not "inspecting for any insurance on the barge." One of the attorneys for plaintiff said in argument:

"I say, gentlemen of the jury, what business did Mr. Frisbie have over there sometime afterwards examining this barge? Was that necessary in order to pay insurance to Mr. Burton in this case?"

The record then recites:

"The defendant objected to this argument by counsel, and moved to strike it on the ground that it was improper, and on the ground that the evidence was he was over there inspecting the barge for people who carried insurance on the cargo and not on the barge, and the defendant moved that this statement of counsel be excluded from the jury and the jury be instructed to disregard it. The court thereupon overruled the defendant's said objection and refused his said motion, and the defendant then and there in the presence of the jury duly reserved an exception to said rulings of the court."

In this argument there was no prejudicial error. Feore v. Trammel (Ala. Sup.) 102 So. 529,[3] and authorities collected therein. It is not within the rule of Watts v. Espy (Ala. Sup.) 101 So. 106,[4] or Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387. It was a challenge before the jury as to the question of bias, prejudice, or trustworthiness of the witness.

[27] The measure of damages in such a case is the difference between the reasonable market value of the barge at the time and place of its collapse immediately before and immediately thereafter or the reasonable and necessary costs of repairs in putting the barge in like condition she was in before her collapse, if such repairs could be made. Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 554; Mobile Light & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837; Standard Motorcar Co. v. McMahon, 203 Ala. 158, 82 So. 188. If the oral charge should have been supplemented in the foregoing respects, a proper written instruction should have been requested in explanatory aid of the language employed by the court. A further element of plaintiff's damage would be the reasonable and necessary expenses accruing in the premises by reason of the raising of the barge at the place of its collapse and removing or towing the same to the most convenient or nearest dock or shipyard capacitated to make the necessary repairs. There was no error in refusing defendant's written charge No. 32.

It may not be out of place to say the many assignments of error are well argued, and earnestly, by respective counsel. We have tried to answer the respective insistences on pleading and proof that should assist in another trial. The questions on instructions requested and given, we believe,

present nothing new, and may not be raised on another trial.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

